Armstrong, Gilbert & Co. v. The Johnson Tobacco Co.

ARMSTRONG, GILBERT & Co., Appellants, v. THE JOHNSON TOBACCO COMPANY, Respondent.

Kansas City Court of Appeals, May 12, 1890.

1. **Sales:** IMPLIED WARRANTY OF FITNESS: SECOND ORDER. When a dealer contracts to supply an article in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment of the dealer, there is an implied warranty that it shall be reasonably fit for the purpose to which it is to be applied, and the fact that the purchaser did not examine the first order within a reasonable time after its receipt, and paid for the same before discovering that it was bottlers' foil, instead of tobacco foil, and unfit for wrapping tobacco, and so retained it, does not bind the purchaser to accept and pay for a second order made before the discovery.

2.  ——— : ——— : RESCISSION : PURCHASER'S LIABILITY : CONSIDERA-
TION. Where the purchaser retains the article bought, though
wholly worthless for the purpose for which purchased, yet valu-
able for other purposes (as bottlers' foil having a commercial
value), and does not within a reasonable time offer to return it,
he cannot plead a total failure of consideration, when sued for the
purchase price, and such unfitness can defeat the recovery of
the entire purchase price only to the extent of the difference
between the value of the article had it been fit for the purpose for
which it was purchased, and its value for any purpose.

*Appeal from the Livingston Circuit Court.* — HON.
J. M. DAVIS, Judge.

REVERSED AND REMANDED.

*Frank Sheetz,* for appellants.

(1) Evidence as to quality of shipment of two
hundred pounds was inadmissible.  This shipment was
paid for, and used, by defendant.  The contract was in
writing, and contains no warranty, and the goods were
the very goods ordered by defendant.  *Wallace v.
Blake,* 2 New York Sup. 403; *Iron Co. v. Pope,* 15
N. E. Rep. 335; *Bottle Co. v. Gunther,* 31 Fed. Rep.
208; *Glassworks Co. v. Coal Co.,* 5 Atl. Rep. 253.  (2)
Instructions 1, 2 and 4, on behalf of plaintiffs, should
have been given.  A certain article was ordered for no
particular purpose, and furnished.  Defendant got
what it bargained for, relying on its own judgment,
and there was no fraud or warranty on part of plaintiffs,
and they complied strictly with the terms of the writ-
ten contract.  Benjamin on Sales [4 Am. Ed.] secs.
986 and 987, and cases cited in note; *Wallace v. Blake,
supra; Bottle Co. v. Gunther, supra; Glassworks Co.
v. Coal Co., supra; Gerst v. Jones,* 34 Am. Rep. 773.
(3)  The instructions 2 and 4, as modified by the
court, are not the law, and have no evidence to support
them.  *Bottle Co. v. Gunther, supra; Glassworks Co.*

*v. Coal Co., supra.* (4) Defendant cannot rescind contract without examination of goods; and, if goods are what he intended to buy, there is no failure of consideration. Benjamin on Sales [4 Am. Ed.] sec. 620, p. 542.

*B. B. Gill,* for respondent.

The appellants knowing for what use the goods were designed at the time they received the order, it was obligatory on their part to furnish goods suitable for the use intended, and having failed to do so the defendant was not bound to receive and pay for them. The defendant, having shown that the goods were worthless for the use intended, proved an entire failure of consideration, and it was not bound to notify the plaintiffs of the worthlessness or to return the goods. *Compton v. Parsons,* 76 Mo. 455; *Murphy v. Gray,* 37 Mo. 535; *Kerr v. Haymaker,* 20 Mo. App. 350; *Barr v. Baker,* 9 Mo. 850; 2 Addison on Contracts [Morgan's Ed.] sec. 618; Hilliard on Sales [2 Ed.] ch. 28, sec. 4, p. 254.

SMITH, P. J.— Plaintiffs, who were dealers in cork and brewers' supplies, brought suit against defendant, a business corporation engaged in the manufacture of tobacco, before a justice of the peace, to recover one hundred and five dollars for three hundred pounds of number 3 tin foil twelve by twelve, at thirty-five cents, sold and delivered defendant by plaintiffs. The case was appealed to the circuit court of Livingston county, where there was a trial, and the facts disclosed by the evidence in the record before us seem to be that defendant ordered its commission merchant, White, to purchase some tin foil to be used by it in its business of manufacturing tobacco. There was considerable written correspondence between White and defendant, and between plaintiffs and defendant, introduced in evidence, but the first letter written by defendant to White, and the reply thereto, though referred to in one of the

letters of the defendant to White, was not offered in evidence for some reason. The letters written to White by defendant show upon their face the business defendant was engaged in, and these letters were exhibited to plaintiffs when White ordered the tin foil for the defendant. Besides, one of the last letters of the plaintiffs to the defendant conclusively shows that the plaintiffs knew that defendant was a manufacturer of tobacco and that the foil was being purchased for use in that business. In the letter of defendant to White, of March 26, 1888, it is written:

"Your postal at hand. The size you name, twelve by thirty-six, is a new one to us. * * * Now, suppose you ship on for us one hundred to two hundred pounds of twelve by thirty-six inches. * * * We will try it any way."

White thereupon ordered the plaintiff to fill this order. They only had fifty pounds of the foil on hand. The defendant, being informed of this fact, directed White, by a subsequent letter, to ship the fifty pounds and "to order two hundred pounds, thirty-four sheets to the pound, thirty-five cents." The fifty pounds shipped were received and proved satisfactory. On April 18, 1888, the defendant wrote White, "What about the two hundred pounds of tin foil we ordered at the same time you had fifty pounds, twelve by thirty-six, shipped us? As yet we have no invoice, and are about out. You wrote us you had ordered two hundred pounds twelve by twelve, and if it is coming we want to know it. And you may order three hundred pounds more to follow." These orders were placed with the plaintiffs by White, who, not having on hand the foil of the description therein mentioned, ordered the same to be shipped defendant by an eastern manufacturer. It does not appear that the manufacturer was notified by the plaintiffs of the use for which the foil was intended The two hundred pounds were received by

the defendant and were found out, before the three hundred pounds arrived, to be wholly unfit for the use for which it had been ordered. It was *bottlers' foil* and could not be used to wrap plug tobacco, for the reason that it would adhere thereto. It could not be used by the defendant. The defendant on ascertaining this fact declined to pay for the three hundred pounds last ordered. The two hundred pounds had been paid for before defendant had examined it and ascertained it to be bottlers' foil and unfit for its use. The three hundred pounds of foil were shipped to defendant from Philadelphia, on April 26, 1888, but did not reach Chillicothe, the residence of defendant, until several days later. On the third day of May, 1888, and before the defendant was notified by the carrier of the arrival of the foil, he wired the plaintiffs to cancel the order therefor. There was some correspondence between the parties looking to an adjustment of the difference thus arising, but it is unnecessary to set forth the same here. The defendant had judgment, and the plaintiffs appeal.

I. The principle is elemental that, when a dealer contracts to supply an article in which he deals, to be applied to a particular purpose so that the buyer necessarily trusts to the judgment of the dealer, there is, in that case, an implied term of warranty, that it shall be reasonably fit for the purpose to which it is to be applied. In such case the buyer trusts to the dealer and relies upon his judgment. Benj. on Sales, secs. 987, 988; *Oshkosh P. & P. Co. v. Ins. Co.*, 31 Fed. Rep. 200; *Brown v. Edgington*, 2 Man & G. 279; *Dutton v. Gorrish*, 9 Cush. 89. We see no reason why this just principle is not applicable to this case. The defendant directed its commission merchant, White, to purchase tin foil to be used in its business of manufacturing tobacco. It does not appear that it then had any business or other acquaintance with plaintiffs. The first letter of defendant to White, which is referred to, but does not, as has been already stated, appear in the evidence,

requesting him to purchase the foil for him, was no doubt seen by plaintiffs, because it was testified by one of the plaintiffs, that his firm always required a commission merchant, desiring to place an order with it to be filled, to exhibit the original order of his customer. This fact, with other facts, appearing in the written correspondence we have referred to, authorizes the inference that the plaintiffs knew the purpose for which the defendant desired to use the foil it wanted to buy. The defendant trusted to the plaintiffs' judgment, that the foil, which it contracted for, would be reasonably fit for the purpose to which it was to be applied. The implied obligation which was imposed upon plaintiffs, under their contract to fill the defendant's order with tin foil reasonably fit for their business, was not met by shipping to it bottlers' foil. The sheets of tin foil sent the defendant may have been of the thickness, size and price ordered, and yet, if it was bottlers' foil, and was not reasonably fit for the purpose it was purchased, he was not bound to retain and pay for it. If the defendant did not examine the two hundred pounds of foil within a reasonable time after the receipt thereof, and paid for the same before it made the discovery that it was bottlers' foil, and unfit for use in wrapping tobacco, and so retained it, this, we think, ought not to bind him to accept and pay for the three hundred pounds last ordered. It follows, from these considerations, that the second instruction asked by plaintiffs and modified by the court, and which was not in harmony with these views, was erroneous. Besides, the evidence is insufficient to sustain the theory of this instruction.

II. While the defendant was not bound to accept the three hundred pounds of bottlers' foil, still, if he kept it, and did not return, or offer to return it, within a reasonable time after he discovered its worthlessness, he could not plead a total failure of consideration when sued for the contract price, unless it was totally valueless for every other purpose. *Brown v. Weldon*, 99 Mo.

564; *Keystone Iron Co. v. Leonard*, decided by us at the present term. It may have been wholly worthless for the purpose for which it was purchased, and yet be of value for other purposes. That it had a commercial value, the written correspondence already referred to quite conclusively shows. The foil was delivered and the title vested in the defendant. It was by the judgment of the circuit court permitted to retain the foil and yet excused from making payment for it. This is not the law. The fourth instruction asked by the plaintiffs, as modified by the court, declared *that if the foil was of no value for the uses for which it was purchased by defendant*, then it was not liable. This was an erroneous theory. These suppletive words should have been added to those just *italicized*, in order to make the instruction complete, viz.: "*And that if it was of no value for any other purpose.*" If the foil was valueable for any other purpose, and the defendant did not offer to return it, but retained it, the plea of failure of consideration ought not to avail him, to defeat the recovery for the entire purchase price, but only to the extent of the difference between the value of the foil had it been reasonably fit for the purpose for which it was purchased, and its value for any purpose. It follows that the judgment must be reversed, and cause remanded to be proceeded with in conformity to the views of the law herein expressed. All concur.