B. L. VINCENT, Respondent, v. GID MORRISON *et al.*, Appellants.

### St. Louis Court of Appeals, May 15, 1894.

Contract to Dig Well: DAMAGES FOR BREACH. The defendants contracted for a fixed compensation to drill for the plaintiff a well which would abundantly supply lasting water, and were paid this compensation after they had drilled a well containing some water. But this water gave out as soon as the dry season set in, and thereon the defendants refused to drill further. There was no evidence that the well as thus left was of any value to the plaintiff. *Held*, that the plaintiff was entitled to recover the entire consideration paid by her.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

MODIFIED AND AFFIRMED.

*Olden & Orr* for appellants.

Instruction number 3 asked by the defendants correctly defined the legal measure of damages in actions of this kind. *Fisher v. Goebel*, 40 Mo. 475; *Woodworth v. McLean*, 97 Mo. 330; *Wright v. Sanderson*, 20 Mo. App. 534; *Sullivan v. Reardon*, 5 Ark. 140; *Hirt v. Hahn*, 61 Mo. 496.

*A. H. Livingston* and *Chaney, Green & Gardner* for respondent.

There was an entire failure on the part of the defendants to perform their contract. The plaintiff derived no benefit under the contract, and he was therefore entitled to recover back what he had paid. Bishop on Contracts, secs. 205, 669; *Thurston v.*

*Blanchard*, 22 Pick: 18; *Barber v. Lyon*, 8 Blackf. 215; *Bales v. Weddle*, 14 Ind. 349.

ROMBAUER, P. J.—The petition charges that the defendants agreed to drill for the plaintiff a well on her premises, and thereby procure for plaintiff an abundance of lasting and inexhaustible water for family and stock use; and that the plaintiff in consideration thereof agreed to pay to the defendants $100, and to board them and their horses while engaged in such labor. The petition further charges that in pursuance of such agreement the plaintiff paid to the defendants $100, and did board the defendants and their horses for sixty-five days; that the defendants have wholly failed and refused, and still fail and refuse, to perform said contract, and are indebted to the plaintiff for the $100 cash paid, and for $113 for the board of themselves and horses, for which amounts the petition prays judgment.

The answer admits that the defendants agreed to drill a well for the plaintiff for the price of $100, and board of themselves and horses while they were so engaged, but denied that they or either of them agreed to procure for the plaintiff an abundance of lasting or inexhaustible water for family and stock use. The answer further states that the defendants have fully complied with the contract on their part, and did drill the well as agreed, which was accepted and paid for by the plaintiff.

The trial of the cause by a jury resulted in a verdict for the plaintiff for $188, which the jury itemized as follows: Cash $100; interest $3.50; board of men $32; board of horses $52.50. From a judgment entered upon this verdict the defendants appeal, and they assign for error that the verdict is against the evidence, that there was no substantial evidence of

the plaintiff's damages, and that the instructions of the court were erroneous.

The plaintiff gave substantial evidence tending to show the following facts: The defendants are well drillers, and offered to drill a well for the plaintiff either at $1.25 per foot, or for $100 for the entire well, insuring living water. The plaintiff accepted the latter alternative of the contract. The contract was oral, and the plaintiff's witnesses do not quite agree as to the exact words used. They all agree, however, that the defendants insured an abundant supply of water; that the defendants said that they did not dig dry wells; that the well would not go dry, and that they would dig a well with plenty of water for stock and family use. The plaintiff's witnesses also all testify that the defendants agreed, in case the well should go dry, to drill it deeper on plaintiff's request at any time. There was abundant evidence tending to show that there was water in the well, when the defendants quit in the fall, at the depth of about ninety-eight feet, and that the plaintiff paid to the defendants the $100, but that, as soon as the dry season set in, the water gave out, and that the defendants refused to drill the well any deeper, although repeatedly requested to do so. The plaintiff, as far as the evidence tends to show, has a dry hole on her farm ninety-eight feet deep, and ninety-eight feet of pump for which she paid the defendants $33.50 additional; and there is no evidence whatever that the hole thus drilled is of any value to the plaintiff. The defendants offered no evidence.

The court, upon the plaintiff's request, instructed the jury as follows:

"The court instructs the jury that, if they believe from the evidence that the defendants contracted with the plaintiff to bore or make her a well for the sum of

$100, and agreed to procure for her living or lasting water and that they failed to fulfill such contract by failing to procure living or lasting water, then the jury should find for the plaintiff the amount she paid defendants on such contract, and whatever amount is fair and reasonable for the board of defendants and their horses for the time she may have kept them, with six per cent. interest from the twenty-third day of March, 1893, on the $100.''

And the court refused to instruct the jury, upon defendants' request, that it is incumbent upon the plaintiff to prove, by a preponderance of the evidence, how much damages she has sustained.

The defendants' main complaint is that the recovery in this cause is based on an entirely erroneous theory. The defendants contend that the evidence conclusively shows that the plaintiff accepted the well, and that her cause of action, if she has any, was on the breach of the warranty. The defendants further contend that, since the plaintiff has retained the benefit of the defendants' labor, her measure of damages is either the difference in value between what the plaintiff paid and what the plaintiff received, or else what it would cost to make the well correspond to the warranty. This argument loses sight of two propositions. The plaintiff unquestionably received the well and could not have done otherwise, since the physical facts rendered it impossible that she should return it to the defendants; but there is no evidence that she accepted it as and for the well warranted by the defendants. There is a vast difference between the *receipt of an article and its acceptance*, as the courts of this state have decided in a number of cases. *Calhoun v. Paule*, 26 Mo. App. 274; *Henry Gaus Manufacturing Co. v. Magee et al.*, 42 Mo. App. 307. The fact that the plaintiff paid for the well, is not conclusive against her on the question of

acceptance, since the facts of the case conclusively show that, at the time of such payment, it was impossible to determine whether the well would correspond to the warranty or not. *Armstrong, Gilbert & Co. v. Johnson Tobacco Co.*, 41 Mo. App. 254; *Hayner & Co. v. Churchill*, 29 Mo. App. 676. Even upon a breach of warranty the purchaser may recover the entire purchase money paid, if there is a total failure of consideration. *Werner v. O'Brien*, 40 Mo. App. 483; *Keystone Implement Co. v. Leonard*, 40 Mo. App. 477. The cases cited by appellants, to the effect that the plaintiff's recovery should have been limited to what it would cost to make the well correspond with the warranty, such as *Woodworth v. McLean*, 97 Mo. 325, can have no application to this case, which, from its nature, makes it impossible to furnish such *data*. How could the plaintiff show that the well, if drilled to any depth, would furnish an abundant supply for family and stock use, or would not go dry? If the defendants have made an improvident contract, they have to bear the consequences.

The verdict is challenged as unsupported by the evidence, inasmuch as there is no evidence in the record of the exact number of days the plaintiff boarded the defendants. This objection is untenable. There is ample evidence from which the jury could find that the plaintiff boarded the defendants *at least* eight weeks, and that such board was worth fully $2 per week for each man. The verdict as to that finding is fully supported. On the other hand, the plaintiff concedes that there is no evidence as to the value of the board of defendants' horses, and offers to remit in this court the amount of $52.50 recovered by the plaintiff on that account.

Finding no other error in the record, it is ordered that such *remittitur* be now entered, and that the

judgment be affirmed for the residue, that is to say, for the sum of $133.50, as of the date of its rendition, the respondent to pay the costs of this appeal. All the judges concur.