KINGSLAND & DOUGLAS MANUFACTURING COMPANY, Defendant in Error, v. BOARD BROTHERS, Plaintiffs in Error.

Kansas City Court of Appeals, January 28, 1895.

1. **Chattel Mortgages**: TRANSFER OF NOTE: EQUITABLE INTEREST. The assignment of the debt carries the security, and the transfer of a note, being a portion of a debt, takes along with it a *pro tanto* interest in the mortgaged security, but such interest is merely equitable in its nature, the legal title remaining in the mortgagee.

2. ———: ———: TRUSTS AND TRUSTEES. Whether the instrument in question in this action be a chattel mortgage or a deed of trust, the legal effect is the same, and the plaintiff, the mortgagee, though it has transferred a part of the debt, is trustee of an express trust so far as the transferred debt is concerned, and may maintain replevin for the possession of the mortgaged property notwithstanding the transferee might likewise maintain an action. In this action, the relative rights between the plaintiff and his transferee, are of no concern.

3. **Replevin**: POSSESSION: PARTNERSHIP. Though the mortgaged property was on the farm of T. N. Board, yet he held it for and in behalf of both defendants, as they were copartners.

4. **Warranty**: BREACH: TIME. It is *held*, that a warranty in a contract of sale gave the defendants ten days within which to detect infirmities and, if they kept and used the machine beyond said time, it was deemed an agreement that it was all the warranty required and defendants could not claim damages for loss of patronage by reason of the delay in repairing the machine, which occurred within the first ten days, since they continued to keep the machine after the expiration of that time.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

AFFIRMED.

*Thos. J. Smith* for plaintiff in error.

(1) The right of recovering in this character of action is in the party holding the note secured by the

mortgage and not by the mortgagee, where they are different. *Kingsland v. Crisman,* 28 Mo. App. 308; *Hagerman v. Sutton,* 91 Mo. 531; *Mayes v. Robinson,* 93 Mo. 123. (2) The Watertown Steam Engine Company holding first maturing note has prior lien to that of plaintiff, and consequently a prior and better right of possession of the mortgaged chattels. *Mitchell v. Ladew,* 36 Mo. 526; *Thompson v. Field,* 38 Mo. 320; *Hurck v. Erskine,* 45 Mo. 486. (3) Plaintiff in order to recover must have shown a right in itself to exclusive possession of the chattels sued for, not only as against the defendants, but as against all other persons whomsoever. 2 Greenleaf's Evidence [3 Ed.], secs. 561 and 563; *Cross v. Hulett,* 53 Mo. 397; *Pulliam v. Burlingame,* 53 Mo. 111; *Sherwood v. Neal,* 41 Mo. App. 424; *Kennedy v. Shaw,* 38 Ind. 474; *Griffin v. Railroad,* 101 N. Y. 348; *Ring v. Neal,* 114 Mass. 111, and cases there cited. (4) This defense was properly invoked under defendant's answer—a general denial. Bliss on Code Pleading [2 Ed.], 476; *Pulliam v. Burlingame, supra.* (5) Under any construction of the warranty under which the machine was sold, the damages which defendants sustained by reason of the machine's failure to clean flax as warranted, and prior to the time it was made so work as warranted, constituted a proper matter of counterclaim or recoupment against the note relied upon as the basis of recovery; and, if so, the evidence tending to show the amount thereof and which would necessarily reduce the amount of the plaintiff's interest in the property sued for, was improperly excluded. (6) Plaintiff, claiming possession of the property sued for solely as mortgagee, could recover only to the extent of its interest measured by the amount of the unpaid and owing debt, such amount, only, as could have been recovered by plaintiff in an action upon the note. *Dilworth v. McKelvy,* 30 Mo.

149; *Boutell v. Warne*, 62 Mo. 350; *Dougherty v. Cooper*, 77 Mo. 528; *Heap v. Jones*, 23 Mo. App. 621; *Dodd Brown & Co. v. Wilson*, 26 Mo. App. 468; *Baldridge v. Dawson*, 39 Mo. App. 535.

*Graves & Clark* for defendant in error.

(1) While the instrument conveying the property in dispute, is entitled to a chattel mortgage, it is not one fact. It is such as creates a trust estate of the property and makes the defendant in error a trustee. As trustee, defendant in error was entitled to possession, it matters not who held the notes. *Meyers v. Hale*, 17 Mo. App. 209, 210; *Lacy v. Giboney*, 36 Mo. 320; *Pace v. Pierce*, 49 Mo. 393. (2) The words, "or the holders thereof," as used in this conveyance in trust, shows that it was the intention of the parties to give this conveyance to defendant in error for all parties holding said notes. Cobbey on Replevin, sec. 187, p. 92; *Allen v. Kennedy*, 49 Wis. 549. (3) It is argued that judgment should not have gone against J. W. Board. There is no error in this. The evidence shows that defendants were partners. Cobbey on Replevin, sec. 441; *Deyoe v. Jamison*, 33 Mich. 94; *Hull v. Jenners*, 6 Kan. 361; *Bennett v. Schuster*, 24 Minn. 383. (4) There was no error upon the part of the trial court in giving a peremptory instruction for plaintiff. It is further provided in said warranty, that, "Continued possession and use of the machinery after the expiration of the ten days shall be conclusive evidence that the warranty is fulfilled." The evidence showed this continuous use and possession. The warranty further contains a clause by which defendants agreed after the ten days to make no other claims under the warranty. This binds them.

GILL, J.—This is an action in replevin brought to recover the possession of a steam thresher, separator, etc., which plaintiff had sold to the defendants and on which defendants had executed a chattel mortgage or deed of trust, to secure certain notes given for the purchase price. Before this suit was commenced, plaintiff had sold and assigned one of the notes to the Watertown Steam Engine Company, but still held the other, and both said notes were then past due. The petition was in the usual form and the answer a general denial. At the close of the evidence the court peremptorily instructed the jury to find for the plaintiff, and, from a verdict and judgment accordingly, the defendants have brought the case here by writ of error.

I. The first contention is that plaintiff can not maintain this action for the possession of the mortgaged property, because one of the notes secured had been transferred to the Watertown Company; that such partial assignment of the debt had the effect to transfer an interest, *pro tanto*, in the mortgage, and that the plaintiff was not, therefore, entitled to the exclusive possession of the property sued for.

We do not think this objection well taken. It, of course, must be conceded that an assignment of the debt carries the mortgage security along with it; and that a sale and transfer of a portion of such debt (as, for example, the sale and assignment of one of a number of notes secured) will take along with it a *pro tanto* interest in the mortgage security. But, strictly speaking, this interest in the mortgage so taken by the assignee of the entire debt, or portion thereof, is merely equitable in its nature—the legal title remains in the mortgagee. Jones on Chattel Mortgages [2 Ed.], secs. 503, 504.

The instrument we have here is not in the usual

form of a chattel mortgage. Nor can it hardly be denominated a *deed of trust*, though it purports to convey the property to the Kingsland & Douglas Manufacturing Company "*in trust* to secure to said Kingsland & Douglas Manufacturing Company, or the holders thereof, the payment of the following promissory notes" etc., and authorizes said trustee (K. & D. Mfg. Co.), in case of a default in payment of the notes, to take possession of the property, sell the same and pay the debt.

But, whether we call it a chattel mortgage with power of sale, or a deed of trust, the legal effect is the same. *Bartlett v. Teak*, 1 Fed. Rep. 770. By the instrument the plaintiff here was invested with the legal title of the property, to be held and used for the security of the notes, whether owned by said mortgagee or trustee, or other persons. When the Kingsland Company transferred one of the notes to the Watertown Steam Engine Company, a beneficial or equitable interest to that extent was thereby assigned to said engine company, but yet the legal title to the whole and the beneficial interest to the extent of the note retained, remained with the plaintiff. It was all the time the trustee of an express trust.

It was formerly the rule that the assignee of the mortgage debt could not maintain replevin for the mortgaged property—that such action could only be maintained by the mortgagee, or by the assignee in the name of the mortgagee. Jones on Chattel Mortgages, sec. 503. Under our practice act, however, this rule has been broadened. It is first provided that every action shall be prosecuted in the name of the real party in interest, Revised Statutes, 1889, section 1990, except, however, the trustee of an express trust "may sue in his own name, without joining with him the person for whose benefit the suit is prosecuted. A trustee of an

express trust within the meaning of this section shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." R. S., sec. 1991.

Applying this statute to the case in hand, the holder of the notes secured by the mortgage might sue, as being the *real party in interest* (*Kingsland v. Chrisman*, 28 Mo. App. 308) or the plaintiff, as mortgagee, or trustee, of an express trust, might maintain the action. And, in such case, a judgment in either case would bar the other. See *Barton v. Martin*, and authorities cited *ante*, ——.

We have no concern here as to the relative rights between the Kingsland and Watertown Companies in the mortgaged property. If they fail to agree as to the proper disposition of the funds that may arise from a sale of the property, that contest must be settled in an action wherein the Watertown Company may be a party. This is a matter that does not concern these defendants. The point now decided is, that the plaintiff, as trustee of an express trust, is authorized, under the terms of the mortgage, or deed of trust, to sue for and recover possession of the mortgaged property.

II. Defendant's counsel can hardly be serious in the claim that this action ought not to be sustained against J. W. Board, on the alleged ground that he was not shown to be in joint possession with his brother, T. N. Board. The evidence conclusively proves the contrary of counsel's contention. The testimony stands without contradiction that, while the machinery in dispute was on the farm of T. N. Board, yet he held it for and in behalf of the two defendants. They were copartners in ownership and the use thereof and jointly withheld its possession from the plaintiff.

III. The sale and purchase of the machinery in

question was evidenced by a written order signed by the parties, and, as part thereof, appeared a warranty, the material portions thereof being as follows:

"As a condition of this order, the above articles are warranted to be of good material, well made, and with proper management, capable of doing as good work as similar articles of other manufacturers. If said machinery or any part thereof shall fail to fill this warranty, within ten days of its first use, written notice shall be given to Kingsland & Douglas Manufacturing Company and agent through whom the machinery was purchased, stating wherein it fails to fill warranty, and time, opportunity and friendly assistance given to reach the machine and remedy its defects."

\*       \*       \*       \*       \*       \*

"If the defective machinery can not be made to fill the warranty, it shall be returned by the undersigned to the place where received and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machinery shall be returned, and no further claim shall be made on Kingsland & Douglas Manufacturing Company.

"Continued possession and use of the machine after the expiration of the time above, shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned, who agree thereafter to make no other claim on Kingsland & Douglas Manufacturing Company under warranty."

Defendants received the machine at Urick, Bates county, on July 9, 1890. A few days thereafter (July 15), they complained to the agent that it did not work well in flax. Thereupon, on defendant's request sent by telegraph to the plaintiff at St. Louis, an expert was sent to Bates county to put the machine in order. This expert changed the riddles, started the machine, and on July 19, four days after the first complaint was

sent in, the machine was in good running condition and defendants signed a written certificate that it worked entirely satisfactorily. One of the defendants testified that when this first trouble arose (about July 15, 1890), he suggested to the agent that they return the machine. This was, however, before the substitution of the new riddles and before the defendants' certificate that the machine was then operating satisfactorily. Defendants kept the machine for three years thereafter, during the seasons of 1890, 1891, 1892 and 1893, operating it continuously, and no pretense is made that they made any offer to return the thresher until the fall of 1893, when the plaintiff was threatening suit on the notes. During this time, too, the defendants, in March, 1893, renewed some of the notes given for the purchase price.

At the trial, defendants sought to recoup the plaintiff's claim by an alleged breach of warranty in that the machine did not at first clean flax satisfactorily; that defendants lost in time and patronage, by reason of the delay in substituting the zinc riddles, when the machine was first started. Evidence to that effect being offered, was excluded, and of this the defendants now complain.

We fail to discover any merit in defendants' position. The substance of the warranty agreement is this: Defendants had ten days after beginning work with it to try the machine. If it proved defective, or failed to fill the terms of the warranty, then defendants were required to serve written notice on plaintiff, stating the defect complained of; and then plaintiff had a reasonable time to remedy said defect. But if the plaintiff failed to make the machinery comply with the warranty, then the defendants might return the same to the place where they received it and another machine would be furnished in its stead, or money or notes returned, etc., and "no further claim shall be made on"

plaintiff. The parties, too, stipulated in their agreement, that continued possession and use of the machine after the expiration of said ten days, in which they were allowed to test the same, shall be conclusive proof that the warranty was fully complied with, to the full satisfaction of the defendants, who agreed thereafter to make no other claim on plaintiff under the warranty.

This contract clearly intended that before defendants could claim any breach of the warranty in the construction or operation of the machine, plaintiff should have notice of any alleged defect and an opportunity to repair or remedy the same. And defendants were obliged to test the thresher within ten days after beginning work with it. They had only said ten days within which to detect any infirmities; beyond that time, they could not complain. If they kept and used the machine beyond the said ten days, this was to be deemed an agreement on defendants' part that said thresher was all the warranty required.

Defendants now are clearly shut out by the above stipulations. They did complain of a defect within the ten days; the plaintiff company promptly answered thereto and cured the defect to the entire satisfaction of the defendants. The contract gave the plaintiff a reasonable time to remedy the defect after being notified. They were advised by telegraph on July 17, of of the machine's failure to clean flax, and on the nineteenth, an expert was sent from St. Louis to Bates county, who at once substituted the zinc riddles and the thresher thence on worked satisfactorily. Unquestionably this remedy was applied in a reasonable time. The defendants have no action for damages because of these four days delay in putting in the zinc riddles. This was contemplated by the contract.

We discover no error in the action of the circuit court and its judgment will be affirmed. All concur.