WILLIAM A. MILES et al., Assignees, Etc., Appellants,
v. JULIUS C. WITHERS, Respondent.

Kansas City Court of Appeals, May 30, 1898.

1. **Sales:** CONDITIONAL WARRANTY: WAIVER. A vendor with a conditional warranty may waive the condition and in this case the condition of returning the defective article was waived by ordering it sent to a certain party for the necessary repairs.

2. ———: RESTRICTION ON AGENT: WAIVER. A stipulation in a contract of sale that no agreements with agents would be recognized unless noted in the order, refers to matters prior or contemporaneous, but in any event a party can not disable himself from waiving the terms of his contract intended for his benefit.

3. ———: CONTRACT PRICE: FAILURE OF CONSIDERATION: MEASURE OF DAMAGES. A vendee may retain the property though defective and plead partial failure of consideration and the measure of damages to the vendor is the difference between the contract price and the actual market value of the article in the condition in which it was delivered.

4. **Witnesses:** INSTRUCTION: REJECTING TESTIMONY OF. It is not always proper in every case of difference in the testimony of witnesses to instruct the jury that they may reject the testimony of a witness who may have sworn falsely, etc.

*Appeal from the Lafayette Circuit Court.*—HON.
RICHARD FIELD, Judge.

AFFIRMED.

WALLACE & WALLACE for appellants.

(1) The written order of guarantee therein referred to and made a part thereof is essentially "a conditional warranty," and the return of the same by defendant to said buggy company was and is a "condition precedent," to be performed by defendant before any liability whatever attaches to said buggy

company, or plaintiffs, as its assignees. Nichols, Shepard & Co. v. Larkin, 79 Mo. 264, 265; and see cases cited on page 271, *Ibid.* The proper measure of damages in this case to plaintiffs is the "contract price," and not the difference between the contract price and the market value at the place of delivery, as claimed by defendant in this case. Spice Co. v. Wehrns, 59 Mo. App. 493, and cases cited.

WILLIAM AULL for respondent.

(1) The surrey in controversy having proved to be defective or otherwise than was warranted, respondent, vendee, had the choice of two remedies. *First,* he could have returned the surrey to the vendor, provided he acted seasonably, and rescinded the contract. *Second,* he could have retained the surrey and when sued for the purchase money could have pleaded a total or partial failure of consideration. Branson v. Turner, 77 Mo. 495; Armstrong, Gilbert & Co. v. Tobacco Co., 41 Mo. App. 254; Tower v. Pauly, 51 Mo. App. 75; Brown v. Weldon, 99 Mo. 564; R. S. 1889, sec. 2090; Benj. on Sales [4 Am. Ed.], secs. 1351–1352; Voss v. Maguire, 18 Mo. App. 477. (2) Having so pleaded a partial failure of consideration, respondent was entitled to reduce the purchase price by deducting therefrom the difference between the market value of the surrey at Lexington, as represented and the market value of the surrey at Lexington, at the time of delivery in its condition, when delivered. Courtney v. Boswell, 67 Mo. 201; Ferguson v. Huston, 6 Mo. 407; Brockhaus v. Schilling, 52 Mo. App. 73; see opinion Ellison, J., in Brown v. Waldon, 27 Mo. App. 273; Compton v. Parsons, 76 Mo. 455; Carpenter v. Myers, 32 Mo. 216; Wade v. Scott, 7 Mo. 509; Machine Co. v. Brady, 67 Mo. App. 294; Murphy v. Gay, 36 Mo. 535; 2 Benj.

on Sales [4 Am. Ed.], pp. 1153–1155, secs. 1352–1353; see also leading case of Baston v. Butler, 7 East, 470.

ELLISON, J.—Plaintiffs are the assignees of the Columbus Buggy Company and brought this action to recover balance alleged to be due from defendants on the sale of a surrey and harness to him by said company made before the assignment. The judgment in the trial court was for defendant.

There was no dispute between the parties over the harness, but as to the surrey, the defendant claimed it was not such a surrey as he purchased. STATEMENT. That it had various important defects which impaired its value to a very material extent. The defendant did not rescind the contract of purchase, but kept and used the vehicle. The contract of purchase was by written order and referred to "a guarantee contained in a printed catalogue" making such guaranty a part of the contract. It was as follows: "If any part of our work fails on account of defective material or workmanship, within one year, and said part is returned to us, we will make it good, we pay no repair bills." There was a provision in the contract, that "No agreement or understanding with agents will be recognized unless noted in the order."

Since the verdict was for defendant we must accept the facts as being what the evidence in his behalf tended to show them to be. It appears that after receiving the surrey at Lexington, Missouri, and on first attempting to put it to practical use, substantial defects were discovered. The buggy company was notified of this and instead of insisting that the vehicle be returned to them, they directed that defendant take it to a certain carriage maker in Lexington for alteration or repairs. This defendant did, but the defects were not cured.

The company's agent went to Lexington to see about the trouble and while there he examined into defendant's objections and complaints.    He then explained to defendant the financial distress of the company and asked him to pay $100 on the purchase and. that the company would make the vehicle satisfactory to him. Defendant then paid the sum requested but the trouble with the vehicle was not remedied or made satisfactory to defendant.    In this way the matter seems to have drifted along until this suit was instituted; these assignees having in the meantime been appointed for the buggy company.

Much of the brief and argument filed with us by plaintiffs to support their contention against the judgment relates to the conditional warranty contained in the written contract of purchase, based on SALES: conditional warranty: the condition that the vehicle, or the part waiver. defective, was to be returned to the company that they might make it good.    Plaintiffs cite authority from the supreme court and this court which sustain their propositions.    Nichols, Sheppard & Co. v. Larkin, 79 Mo. 264; Kingsland Mfg. Co. v. Board, 60 Mo. App. 662.    But the condition upon which the warranty was based might be waived by the company in whose favor it was inserted in the contract.    And it was waived in this case by the acts of the company in directing the defendant where to have the work done in Lexington.    After selecting some other mode of repairing or refitting the work, it is too late to claim the written condition at the trial.

It is claimed by plaintiffs that the act of the agent in collecting the $100 of defendant and agreeing that it should not prejudice his right to have ——: restriction on agent: the surrey made to fulfill the contract of waiver. purchase, can not be called to defendant's aid by reason of the written provision in the

order of purchase that "No agreements or understanding with agents will be recognized unless noted in the order." This provision must have reference to matters prior to, or contemporaneous with the order. But if it referred to matters subsequent it would still be of no avail for it is not in the power of a party to disable himself, by contract, from afterward waiving terms of the contract intended only for his benefit. Barnard v. Ins. Co., 38 Mo. App. 113.

Though defendant contended that the surrey was not such as it was represented that it should be and was not worth the contract price, yet he conceded it was of some value and he therefore retained ——: contract price; failure of the property and pleaded a partial failure consideration: measure of damages. of consideration. This he may do. Brown v. Weldon, 27 Mo. App. 251; 99 Mo. 564; 34 Mo. App. 378; Armstrong v. Johnson Tobacco Co., 41 Mo. App. 254.

The property was purchased at Lexington and was to be delivered there. The measure of damages in such case is the difference between the contract price and the actual market value of the article in the condition it was when delivered. Or, to express the same thing in different words, the purchaser may diminish the contract price by the difference between that price and the actual market value of the imperfect article. Brown v. Weldon, *supra;* Hayner v. Churchill, 29 Mo. App. 676; Brockhaus v. Schilling, 52 Mo. App. 73.

There were many instructions in the cause and plaintiffs have urged objections to the action of the court on them. We have examined these objections and while we will not set out here in detail what they were or our conclusions on each with the reasons therefor, we will say that the instructions as a whole presented the case in keeping with what we consider

the law governing the case and in such way as to give the jury a fair understanding of the issues involved.

The question of waiver referred to by plaintiffs we find was sufficiently pleaded.

The instruction offered by plaintiffs as to the right of the jury to reject the whole testimony of any witness who may have sworn falsely as to any material issue, is not one which it is always proper to give, though there may be a difference in the testimony of witnesses.

WITNESSES: instruction: rejecting testimony of.

We can not say it was error to refuse it in this case. A full examination of the record has not disclosed to us any sufficient reason justifying a disturbance of the judgment and it will be affirmed. All concur.