### I. W. P. BUCHANAN, Respondent, v. GEO. W. LAYNE, Appellant.

#### Kansas City Court of Appeals, June 2, 1902.

1. **Contracts: PLEADING: CONDITION PRECEDENT: PERFORM-ANCE.** A petition upon a contract should allege performance by plaintiff of all conditions precedent, or allege an excuse for non-performance, and where a mining contract required ore to be taken out as a condition precedent, an allegation that it could not be found is a sufficient excuse.

2. **———: DUTY OF CONTRACTOR: EXCEPTION: MINING.** A mining contract required ore to be taken from the leased premises and put upon the market, as a condition precedent to a repurchase. There was no ore on the leased land. *Held,* that this constituted an exception to the general rule that, when a party by his contract creates a duty upon himself, he is bound to perform it notwithstanding any accident by inevitable necessity.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*J. W. McAntire* for appellant.

(1)   It is fundamental that in declaring on a contract containing stipulations to be performed by the plaintiff precedent to the performance of the agreement of the defendant, the plaintiff must allege the performance of such stipulations.   He can not plead performance, on his part, of a part of the contract, and his failure to perform another part of the contract, unless the contract is apportionable.   Hence, the court should have sustained the demurrer to both counts of plaintiff's petition.   Basye v. Ambrose, 32 Mo. 484; Neenan

v. Donoghue, 50 Mo. 495; Yeats v. Ballentine, 56 Mo. 539; Dinsmore v. Livingston, 60 Mo. 244; Stout v. St. Louis Tribune Co., 52 Mo. 347; Turner v. Mellier, 59 Mo. 526; City of St. Louis v. Cruikshank, 16 Mo. App. 495; Roy v. Boteler, 40 Mo. App. 222; Beckman v. Ins. Co., 49 Mo. App. 607; McNees v. Ins. Co., 61 Mo. App. 343; Davis v. Watson, 89 Mo. App. 15. (2) The plaintiff's petition was not good as it did not conform to either the common law or statutory rule in pleading. R. S. 1899, sec. 634; Stevens' Pleadings, secs. 305, 307; Bishop on Contracts (En. Ed.), sec. 586; Murphy v. Ins. Co., 70 Mo. App. 78; McQuiddy v. Brannock, 70 Mo. App. 535; Davis v. Watson, 89 Mo. App. 15; Cochran v. Railroad, 131 Mo. 607; Neill v. Gates, 152 Mo. 585; Orange Grower's Ass'n v. Gorman, 161 Mo. 208. (3) The contract was set out *in haec verba* in the petition. The language was plain and definite. The rights and duties of the parties thereto, in the absence of fraud, should be governed by it and the court has no power to substitute for the parties another contract which it might consider more equitable in its nature. Staluth v. Am. Guaranty Co., 81 Mo. App. 627; Lumber Co. v. Rabich, 84 Mo. App. 544; Monks v. Miller, 13 Mo. App. 363; Craycroft v. Walker, 26 Mo. App. 469. (4) The instructions of the court were erroneous. While it is true that the law never imposes upon anyone a duty to perform that which is impossible, yet it allows people to enter into contract as they please, and they must be bound by their voluntary contract. Whittemore v. Sills, 76 Mo. App. 251; Davis v. Smith, 15 Mo. 467; Harrison v. Railroad, 74 Mo. 364; Mill Dam Foundry v. Hovey, 21 Pick. 441; Collier v. Swinney, 16 Mo. 484; Taylor v. Steamboat Co., 20 Mo. 261; Blaine v. Publishing Co., 140 Mo. 241; Bishop on Contracts (En. Ed.), sec. 586; Aller v. Pennell, 51 Iowa 537; Drauke v. Hill, 53 Iowa 37; Claflin v. Ins. Co., 110 U. S. 81; Basye v. Ambrose, 32 Mo. 484; Neenan v. Donoghue, 50 Mo. App. 493; Roy v. Boteler, 40 Mo. App. 222;

Beckman v. Ins. Co., 49 Mo. App. 607; McNees v. Ins. Co., 61 Mo. App. 343; Bersch Assignee v. Sanders, 37 Mo. 104; Marsh v. Richards, 29 Mo. 99; Yeats v. Ballentine, 56 Mo. 536; Rude v. Mitchell, 97 Mo. 371; Billups v. Daggs, 38 Mo. App. 367. (5) A party may, by an absolute contract, bind himself to perform things which subsequently become impossible, where the event which caused the impossibility might have been anticipated and guarded against in the contract. Harrison v. Railroad, 74 Mo. 370; Railroad v. Hoyt, 149 U. S. 1; The Ship B. L. Harriman v. Emerick, 76 U. S. 629; Jones v. United States, 96 U. S. 644; Wetmore v. Crouch, 150 Mo. 671; Davis v. Watson, 89 Mo. App. 26.

*Blair & Decker* and *C. H. Montgomery* for respondent.

(1) The general intent and purpose of the parties to the contract must control. Woodworth v. McLean, 97 Mo. 329. In construing statutes and contracts, they should be read in view of all the surrounding facts, and common sense and good faith are the leading characteristics in all interpretation. Bank v. Haywood, 62 Mo. App. 550. The intent of an instrument is the controlling factor in its interpretation; and to ascertain it, all the parts should be considered. Conrad v. De Montcourt, 138 Mo. 312. (2) The evidence shows that defendant never did construe the contract as requiring plaintiff to develop and turn in ore. This interpretation was claimed for the first time, by defendant's attorney after suit brought and about two years after the contract was made. The interpretation put upon a contract by both parties to it, for a long period of time, is entitled to great weight in the interpretation of that contract. St. Louis v. Gas Light Co., 155 Mo. 1; Carney v. Chillicothe Water and Light Co., 76 Mo. App. 536; Del Bodio v. Packing Co., 79 Mo. App. 465. (3) The defendant's attorney says: The find-

ing and placing of ore on the market is a condition precedent which must be performed before plaintiff can recover; that is, if by the striking of ore the plaintiff should make the lease more valuable, he could sell it back for what he paid for it; but if its value remained the same, or decreased, then plaintiff must keep it.   In other words, if conditions were such that plaintiff would desire to keep the lease, he could return it; but if conditions were such that he would desire to return it then he must keep it.   That construction should be adopted, which will make the contract effectual, and not render it inefficacious or nullify it.   Bank v. Haywood, 62 Mo. App. 550; Leiweke v. Jordan, 59 Mo. App. 619; Fenton v. Perkins, 3 Mo. 23; Wilson v. Scott Hedges and Hinckley, 50 Mo. App. 329; Sauter v. Leveridge, 103 Mo. 615; Lawless v. Lawless, 39 Mo. App. 539; Fuggle v. Hobbs, 42 Mo. 539; Gale v. Foss, 47 Mo. 276; McDonald v. Fist, 60 Mo. 172; Paddock v. Somes, 102 Mo. 226.

ELLISON, J.—On the eleventh of May, 1899, the defendant sold to plaintiff a mining lease for the sum of three thousand dollars, agreeing, in certain conditions, to repurchase of plaintiff at the end of one year for the same sum.   At the expiration of a year plaintiff offered to transfer the lease back to defendant and demanded the money he had paid him, which defendant refused.   Plaintiff then instituted this action to recover that sum and prevailed in the trial court.   The contract sued on was written in the following words:

"For and in consideration of the sum of three thousand dollars, the receipt of which is hereby acknowledged, I, this eleventh day of May, A. D. 1899, have bargained, sold and transferred all my right, title and interest in and to an undivided one-half interest in a mining lease described as follows, to-wit: [description] to I. W. P. Buchanan of Lebanon, Tennessee.

"It is agreed and understood by George W. Layne,

of Joplin, Missouri, party of the first part, and I. W. P. Buchanan, party of the second part, witnesseth: that the party of the first part agrees to pay the party of the second part, three thousand dollars on the eleventh day of May, 1900, for the above-described lease, providing, the party of the second part continues to mine and oper-, ate said land in good shape by developing and placing ore on the market, and carrying on a general mining business by subleasing and developing the property as is done throughout the mining district so as not to diminish in any way, shape or form, the value of the above lease. Should the party of the second part wish to retain or keep the above described lease at the expiration of one year as above named, he can do so and retain all royalties received during the year ending May 11, 1900. Signed this eleventh day of May, 1899, in duplicate. George W. Layne.''

The evidence tended to show that plaintiff substantially complied with the terms of the contract, except that he did not develop and place ore on the market. One of defendant's principal objections to the judgment is that the developing and placing ore on the market was a condition precedent in the contract and that it was necessary for plaintiff to allege its performance in order to have a hearing in court; and that he should prove its performance in order to recover his claim. The law is that a plaintiff in a suit upon a contract should allege a performance, on his part, of all conditions precedent, or allege an excuse for non-performance. Basye v. Ambrose, 32 Mo. 484; McNees v. Ins. Co., 61 Mo. App. 335. Here, the petition, when taken as a whole, does clearly state that no ore was developed or placed on the market from the fact that it could not be found on the leased ground. This was sufficient as to the pleading, and there was evidence tending to support the excuse thus set up.

2.   We are thus brought to a consideration of the point made by defendant that the contract, being in pos-

itive terms that ore should be developed and placed on the market, no excuse can be received why it was not done. A rule of law is stated in this language: "That when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." Harrison v. Railroad, 74 Mo. 371; McQuiddy v. Brannock, 70 Mo. App. 543; Whittemore v. Sills, 76 Mo. App. 251. . But, as stated in the latter case, there is an exception to that rule when it is evident that the contract is based upon the continued existence of a particular person or thing. As where the contract is for personal service, to be performed by a particular person and he dies; or, if it is for repairs on a particular article of property, and it is destroyed before the repairs could properly be made. Anderson v. May, 50 Minn. 280; Cowley v. Davidson, 13 Minn. 92. This exception was recognized in Woodworth v. McLean, 97 Mo. 325. We think the exception finds application here. The contract was not, generally, to mine and place ore upon the market, but it was to take ore from a *certain defined and described* tract of land and place it upon the market. Undoubtedly the contract was based upon the assumption that ore could be found: that is, would continue to exist on said tract. It was not within the contemplation of either defendant or plaintiff that ore should be produced and marketed at all hazards, for the ore that was to be produced and marketed was to be taken from certain land, and if that land had become exhausted of ore, if ore had ceased to exist on that land, then it must have been understood by the parties that that portion of the contract would not be expected to be performed. In Howell v. Coupland, L. R. 9 Q. B. 462, the contract was for the sale and delivery of 200 tons of potatoes to be grown on a *certain farm*. In a suit for non-delivery, it was shown that after the potatoes had been planted, the crop failed, without fault of any

one, by reason of blight, and this was held to excuse performance. Cases of the nature of the one before us, and that just cited, are not like, and are to be distinguished from those cases of contract for the production, generally, of a thing which may be destroyed before completion or before delivery, such as in School District v. Dauchy, 25 Conn. 530, where a schoolhouse was burned just before being completed and time for delivery.

The foregoing view discloses that the action of the court on the instructions was proper. They presented the issues of the case plainly and fairly and permitted the failure to produce and market ore to be excused if it was found that there was no ore on the land.

The judgment is affirmed. All concur.