ALFRED J. BASYE, Plaintiff in Error, v. JAMES AMBROSE, Defendant in Error.

*Pleading—condition precedent.*—In declaring on a contract containing stipulations to be performed by the plaintiff precedent to the performance of the agreement of the defendant, the plaintiff must allege the performance of such stipulations or a sufficient excuse for their non-performance.

### Error to Callaway Circuit Court.

This was a suit upon a sealed agreement between the plaintiff and one Brauchman of the one part, and the defendant of the other part.    Brauchman assigned his interest to Basye, who sued for the breach of contract by defendant, alleging also a parol variation of the contract.    The defendant demurred for defect of parties plaintiff and for want of allegation of performance of the plaintiff's portion of the agreement.    The demurrer was sustained and plaintiff appealed.

*White,* for plaintiff in error.

In 1 Chitty, pages 11 and 12, the rule is laid down that when there is one or more covenantees, and one dies, suit is to be brought by the survivor.    Also see 1 Saunders, 156 ; and we insist that if one assigns all interest he has to another, the same rule would apply.

*Gardenhire,* for defendant in error.

I. The terms of a written contract under seal cannot be changed by parol agreement.    (3 Blackf. 353, 358 ; 4 Eng. 488, 495 ; 11 Mo. 659, 661.)

II. Basye cannot sustain an action on the bond.   His remedy, if any, is upon the new agreement.   But this is by parol, and not to be performed in a year ;  (3 Blackf. 358, 359 ;  1 R. C. 807, § 5 ;) and from its terms could not be performed in a year.   (Chitty on Cont. s. p. 71, and *n.*; 13 Pick. 5 ; 15 Me. 201 ; 2 Parsons on Cont. 316, and *n.*)

III. The petition does not show an *executed* contract on one side even.   It shows no performance of nor an offer to perform the conditions precedent on the part of the plaintiff.

DRYDEN, Judge, delivered the opinion of the court.

In declaring on a contract containing stipulations to be performed by the plaintiff precedent to the performance of the agreement of the defendant, the plaintiff must show the performance of such stipulations, or a sufficient excuse for their non-performance.

The contract sued on in this case was made in Missouri in anticipation of an expedition to California in pursuit of gold. The stipulations on the part of plaintiff and Brauchman, as shown by the petition, were " to procure the necessary oxen and wagons, provisions, tools and clothing, and leather for shoes, on the trip and whilst in California—necessaries proper and suitable for the expedition both in going out and while remaining there ; " in consideration of which the defendant was to go with the parties, aid them on the way, and serve them for three years, and account to them for one half of all gold he should dig or discover during the time.

The following is all that is in the petition affecting to show a compliance with the agreement on the plaintiff's part :

"Plaintiff further states that he and said Brauchman, in the spring of said year 1849, started to California with *teams, wagons and provisions* sufficient for the trip, taking defendant with them according to their said contract with him."

The breach of the defendant's agreement is then averred and recovery asked.   The defendant demurred to the petition, assigning among other causes of demurrer, the omission to aver the performance of the plaintiff's part of the contract.

The demurrer was sustained, and judgment given for the defendant.

The demurrer was well taken. The liability of the defendant is dependent as well upon the furnishing of *tools*, *clothing*, and leather for shoes, as upon the furnishing of the oxen, wagon and provisions; and the plaintiff having omitted to show by his petition that he had furnished these, has failed to show any cause of action against the defendant.

Let the judgment be affirmed. The other judges concur.