SAM LEVY, Respondent, v. ROBERT McCLINTOCK, Appellant.

### Kansas City Court of Appeals, January 24, 1910.

1. **TRESPASS: Landlord and Tenant.** A landlord with right of possession may enter the premises and dispossess his tenant holding over, without being liable to an action of trespass *quare clausum fregit.*

2. **FORCIBLE ENTRY AND DETAINER.** But if the landlord enter against the tenant's will he is liable to an action of forcible entry under the statute; and that is his only remedy, unless there be personal violence.

3. **TRESPASS: Personal Violence.** But if the landlord resort to personal violence, or to the unlawful destruction of the tenant's property, he is liable to an action for the personal trespass.

4. **TRESPASS: Landlord and Tenant: Damages.** The tenant being without right to further possession and not owning the property, is not damaged by the landlord taking the possession or injuring the property belonging to himself.

5. **DAMAGES: Profits.** The tenant occupying the premises as a billiard hall, his term having expired, cannot sustain an action tor loss of customers and profits on account of the landlord going into possession against his will.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED.

*Daniel B. Holmes* for appellant.

(1) At common law, where the owner of property entitled to possession thereof enters the premises, the person wrongfully in possession has no civil remedy. Krevet v. Meyer, 24 Mo. 107; Yeates v. Allin, 2 Dana 134; Reed v. Price, 30 Mo. 446; Barbarick v. Anderson, 45 Mo. App. 272; Hyatt v. Wood, 4 Johns, (N. Y.), 150; Turner v. Meymott, 1 Bing. 158; 8 Eng. Com. L. Rep.

450; Todd v. Jackson, 26 N. J. Law, 525, 532. (2) The remedy of a person dispossessed is by an appeal to the statutory action of forcible entry and detainer. Fuhr v. Dean, 26 Mo. 118; Jones v. Landlord and Tenant, secs. 558, 561; Jackson v. Farmer, 9 Wend. 202; Vinson v. Flynn, 64 Ark. 459; Yeates v. Allin, 2 Dana (Ky.) 135. (3) In trespass on land, the plea of not guilty puts in issue the facts necessary to constitute the trespass; and under it the defendant may show title or possession in himself, or those under whom he claims. Babcock v. Lamb, 1 Cow. 239; White v. Naerup, 57 Ill. App. 118; Finch v. Alston, 2 Stew. & Porter (Ala.) 88; More v. Perry, 61 Mo. 175; 2 Greenl. Ev. (15 Ed.), secs. 613, 625; Greenway v. James, 34 Mo. 328; Cunningham v. Roush, 157 Mo. 341; 21 Enc. of Pl. and Pr., 834. (4) Where a tenant holds over the landlord may treat him as a trespasser. Ives v. Williams, 15 N. W. (Mich.), 36.

*Noyes & Heath* for respondent.

The statute of 5 Rich. II, ch. 8 (1382), of forcible entry and detainer made it unlawful for a landlord to forcibly remove a tenant holding over. The statute of 8 Henry VI., ch. 9 (1430), makes the landlord liable in damages for trespass. Dustin v. Cowdry, 23 Vt. 631; Hillary v. Gay, 6 Carr. & P. 284; Newton v. Harland, 1 Manning & Gr. 644; Reeder v. Purdy, 41 Ill. 279; Burt v. French, 70 Ill. 253; Hubner v. Feige, 90 Ill. 208; Bliss v. Bange, 6 Conn. 78; Larkin v. Avery, 23 Conn. 304; Mason v. Hawes, 52 Conn. 12; Entelman v. Hagood, 95 Ga. 390; Jones v. Pereire, 13 La. Ann. 102; Fox v. Brissac, 15 Cal. 223; Spencer v. Commercial Co., 50 Wash. 520; Jones, Landlord and Tenant, sec. 561; Trauerman v. Lippincott, 39 Mo. App. 478; Gildersleeve v. Overstoltz, 90 Mo. App. 518; Murphy v. Century Bldg. Co., 90 Mo. App. 621; Wamsganz v. Wolff, 86 Mo. App. 205.

ELLISON, J.—Plaintiff's action is trespass, in which he recovered judgment in the trial court.

Defendant conducted a restaurant on the ground floor at the corner of Twelfth and Walnut streets in Kansas City, and he rented the second floor to one Isaac Levy, who, with defendant's consent, permitted plaintiff (who was his son) to occupy the premises and operate a billiard hall. The entrance to the premises was by a stairway off of Twelfth street through a hall or passageway. For the purposes of the case we will, in plaintiff's interest, consider him as defendant's tenant. It is alleged in the petition that plaintiff had the right to and did put a sign at the foot of the stairway and that he had the right to have gas conducted to the rooms.

The lease was brought to an end; the manner of the ending need not be stated further than to say that defendant was entitled to the possession; though plaintiff remained in actual possession. Defendant then desiring to make some improvements and repairs, took down plaintiff's sign, and we will assume took exclusive possession of the stairway and passage, so that the effect was to cut plaintiff off from the use of the premises and prevent the patrons of his billiard hall from access thereto. The statement made by the plaintiff, both as written in his brief and as set up in his petition, is of considerable length and is somewhat complicated. But as the case is briefed and argued in this court by each party, there is no question of fact in it; the contention between them being brought down to legal questions involving the rights of a tenant holding over against his landlord's consent, who is dispossessed against his will by the landlord's entry into the premises; though in taking possession defendant did not offer personal violence to plaintiff, nor did he destroy any of his property.

There was a time in the early days in England when the owner could forcibly dispossess one in possession without legal right, as for instance, a tenant hold-

ing over, and the latter was without remedy. This state of the law led to unseemly conflicts and breaches of the peace so that by act of parliament it was made unlawful both criminally and civilly for the owner thus to take the law into his own hands. By these acts against forcible entry the rightful owner, though entitled to the possession, was made to restore it and set to seeking his rights in a lawful manner. These forcible entry and detainer statutes are found enacted, in quite similar form, in most of the States in this country. In this State they are found in the statutes of 1899, sec. 3319-3357 and sec. 2151. So in view of the common law as it stood prior to such statutes, it was held that as the tenant had no remedy prior to the statutes he had none after their enactment save such as they gave. It was broadly stated that "at common law there was no civil remedy against a person who entered forcibly, having a right." [Taunton v. Castor, 7 Term., 43.] And our Supreme Court so states the law in the cases of Krevet v. Meyer, 24 Mo. 107, and Fuhr v. Dean, 26 Mo. 116. It is so stated in a great number of cases arising in England and in this country. [Hyatt v. Wood, 4 Johns. 150; Jackson v. Stansbury, 9 Wend. 202; Yeates v. Allin, 2 Dana 134.]

Much of the confusion in the law on the subject arises from a failure to give heed to the character of action involved. The statements of the law just mentioned should only be intended as applying to actions for trespass *quare clausum fregit*. In such an action the plea that the realty, was that of the defendant, *liberum tenementum,* is a good plea. It is therefore quite reasonable to say that for the mere dispossession and for any injury to the realty in gaining possession, no damage can result to the tenant, since he has no right to the former and no property in the latter and therefore has not suffered injury. And this should be taken to be the meaning of our Supreme Court in Krevet v. Meyer, and Fuhr v. Dean.

But if the action is another character of trespass, as for assault and battery or destruction of personal property in gaining possession, a different case is presented and it receives a different answer. If one has the right of entry, and, to dispossess another who is wrongfully in possession, abuses such right and beats the other, or wilfully destroys his property, he is liable for the damages, since no plea which he could make would meet such an invasion of another's right. By reference to some of the cases cited in support of the law in trespass *quare clausum fregit,* it will be seen that this difference is recognized. Thus in Yeates v. Allin, *supra,* it is said that "If Yeates abused his right of entry, and trespassed on the person, or the rights, of Allin, damages might be recovered for such a trespass. But the fact that, having a right to enter, he entered without Allin's consent, did not make him, as the instruction erroneously supposed, a trespasser, or entitle Allin to damages." And in Hyatt v. Wood, *supra,* Justice SPENCER said that "Very different considerations are applicable to an action for an assault and battery, and an action of trespass *quare clausum fregit.* In an action for the personal injury, the defendant, who is not in possession, cannot justify an entry and the exercise of personal violence; but in an action for an injury to the land itself, he may justify the force as respects the possession."

In Todd v. Jackson, 26 N. J. L. 523, the Chancellor said, at page 532 of the report, that he was "willing to lay down the law to be, that the landlord may take possession by any means short of personal violence; that he may break into a dwelling house for the purpose, because no one ought to complain of him for such an injury done to his own property; that he may remove goods which he finds there, because they are an unlawful encroachment upon his rights." In thus stating the law as to trespass *quare clausum fregit,* which is seen to contain a recognition of the distinction be-

tween such an action and one for personal trespass, the Chancellor quotes with approval from Newton v. Harland, 1 Man. & Grang. 644, where it is decided that while the lessor may even break into the premises held over by the tenant, yet if he inflicts personal violence, he is liable for assault and battery.

Thus restricting the broad language used in the Krevet v. Meyer and Fuhr v. Dean and the other cases cited with them, to the character of case decided, the law on this subject seems to be harmonized and is altogether just and reasonable.

The case of Dustin v. Cowdry, 23 Vt. 631, contains an interesting discussion of the law on this subject. It is much relied upon by plaintiff. But by reference to the statement of facts therein it will be found that the landlord's agents, amid much clamor and resistance, laid hands upon the tenant, his wife and children, and ejected them bodily from the premises into mud and snow. It is true the action sustained by the court is trespass *quare clausum fregit;* but in that respect, the effect of the case has been greatly narrowed by that of Mussey v. Scott, 32 Vt. 82, in which it was held that the landlord, being entitled to possession, might enter the premises, short of personal violence, even by breaking open the door which the tenant had locked as he left the house temporarily, intending to return. The court said that Dustin v. Cowdry "simply decides that the entry cannot be made by force and strong hand, and thereby turn the tenant, his family and his effects, out of the possession of the premises, and the distinction between that case and this is well marked."

Reeder v. Purdy, 41 Ill. 279, is also cited by plaintiff. There the defendant assaulted the plaintiff's wife and damaged the furniture. There is no complaint of such nature in this case. It is, however, said in that case, that a tenant merely dispossessed against his will may resort to an action for damages. If that be con-

strued as authorizing such action where there is no trespass to the tenant's person or injury to his property, it is contrary to the rule announced in this State.

So we conclude that where there is no personal violence and no unlawful destruction of the tenant's property by the landlord in his entry, the former is without remedy except under the statute of forcible entry and detainer. Under that statute a tenant dispossessed against his will, may find redress by a showing of facts which would fall far short of sustaining an action *quare clausum fregit.*

But plaintiff likewise relies on Trauerman v. Lippincott, 39 Mo. App. 478, decided by this court, and Wamsganz v. Wolff, 86 Mo. App. 205; Gildersleeve v. Overstolz, 90 Mo. App. 518; and Murphy v. Building Co., 90 Mo. App. 621, decided by the St. Louis Court of Appeals. Neither of these cases is in point. In the Trauerman case the tenant was in the rightful possession and was personally assaulted. In the Wamsganz case there was a forcible eviction with a display of firearms and a wanton destruction of personal property, the latter constituting all damages allowed, save nominal. In the Gildersleeve case personal property was destroyed, and in the Murphy case the tenant was not holding over. In none of those cases save that of Trauerman were the questions here presented considered or suggested.

Going back to the decisions of our Supreme Court, we find it said in Krevet v. Meyer (italics ours) that: *"If the case is as stated by the defendants, that the plaintiff had no right to the possession, it is a great mistake to suppose that he could maintain an action of trespass against them for their entry, they having a right of entry.* A person having a right may make a peaceable entry. If he enter with force he may be punished for the force; but the common law afforded no means by which his possession could be disturbed. *At common law there was no civil remedy against a*

*person who entered forcibly, having right. [Taunton v. Castor, 7 Term., 43.]"*

And in Fuhr v. Dean (italics ours), that: "The action of trespass *quare clausum fregit* may be maintained on a naked possession against a wrongdoer, but it *will not prevail against a party who had the title and right of entry.* A defendant can justify under the plea of *liberum tenementum,* and can successfully defend the action if he can show superior title and right of possession, *although possession is acquired by force.* [7 Mon., 574; 1 Bing., 158; 1 John. Cas., 123.] *The common law affords no civil remedy against a person who having a right enters forcibly [Taunton v. Castor, 7 Term. 43]*; but *the injured party must appeal to the statutory action of forcible entry and detainer. [Krevet v. Meyer, 24 Mo. 107.]"*

In such "action the defendant may dispute the plaintiff's possessory right by showing that the title and possessory right are vested in himself." [Reed v. Price, 30 Mo. 442, 446; Barbarick v. Anderson, 45 Mo. App. 270.] It is necessary for plaintiff to prove himself "in rightful possession as against the defendant at the time the alleged injury was committed." [Moore v. Perry, 61 Mo. 174.]

It should therefore be considered as settled law that an action for trespass to real estate, the gist of the action being an injury to the possession of such property, cannot be maintained against one who, at the time of the alleged trespass, was lawfully entitled to such possession. The tenant's time having expired— his right to possession gone—how is it possible he could suffer legal damage by the taking of such possession from him? And if he has no right to the possession he cannot suffer damage from the loss of those things which a deprivation of possession caused; and therefore the damage claimed by plaintiff in this cause, as resulting from defendant's acts, has no legal support.

We have disposed of the case as it has been pre-

sented to us by each of the parties and finding plaintiff's claim to be unsupported by the law we reverse the judgment. All concur.

## ON MOTION FOR REHEARING.

ELLISON, J.—We are asked to grant a rehearing in this cause to the end that our judgment may be modified by remanding the cause for another trial.

Plaintiff bases his request upon the ground that we are in error in stating that the tenancy had been brought to an end prior to the trespass charged. He now says that whether the tenancy had ended is a matter of fact which has not been tried, and puts his claim for remanding the cause on the ground that an issue on that matter may be determined in the trial court.

The matter thus brought forward in the motion for rehearing is new to us. It was not mentioned or referred to in plaintiff's brief which was filed in the cause under the statute and rules. In his brief he took issue with defendant on the latter's proposition that the judgment should be reversed for the reason that where the tenancy has been terminated and the tenant remains in possession by holding over, he cannot maintain trespass *quare clausum fregit* against the landlord for dispossessing him. He contested that point with argument and citation of authority and at no place did he suggest that he denied the tenancy had come to an end. We accepted the case as presented and rightfully assumed that defendant had, in point of fact, terminated the tenancy.

In his statement of the case, as a matter apart from his brief, he says that Isaac Levy became the tenant of defendant in March, 1900, and that Isaac promptly paid the rent from month to month until November, 1900, and that some time about the first of November, 1900, defendant served a written notice on Isaac to terminate his tenancy on November 30, but

that Isaac said it was served November 2nd. That no notice was served on *him* and he was in possession. He does not state that the notice was not served until the 2nd of the month, but that *Isaac* claimed it was not. All he stated as and for a statement of fact, was that no notice was served on *him*.

But if we had gone into the record we would have found ample reason for plaintiff not raising the point now urged, for we find there what, perhaps, is not an express confession, but a virtual concession that the tenancy had expired. We find that Isaac Levy was paying to defendant $50 per month in advance, as rent. That he did not pay for the month of November, whereupon this defendant began an action under the statute for rent and possession. He obtained judgment before the justice and Isaac appealed to the circuit court. Afterwards, in December, when, according to the notice, as defendant contends, the tenancy was terminated, he began an action of unlawful detainer against Isaac and also obtained judgment before the justice in that case, and Isaac appealed that also. These cases, on appeal, were delayed along until February 12, 1902, when Isaac settled them. The two suits, one for possession and for non-payment of rent, and the other for possession in unlawful detainer based on a termination of the tenancy, were settled by Isaac vacating the premises on May 15th, 1902, and paying the rent due up to that time, as well as the costs in the suits and this defendant's attorney's fees as plaintiff in those suits.

Plaintiff objected to this being shown on the ground that it was a compromise. But the objection was overruled, and we think properly. It was nothing less than an acknowledgment that this defendant was right in instituting those actions. We think there is no merit in the motion and it is therefore overruled. All concur.