MILTON H. HAWKINS v. CONRAD PAEBEN, Receiver of COMMUNITY ESTATE, INC., a Corporation, Appellant,

MILTON H. HAWKINS v. E. O. WELLS ET AL., Defendants, GEORGE R. HUNSCHE, Appellant.—58 S. W. (2d) 437.

Division One, March 16, 1933.

*Foristel, Mudd, Blair & Habenicht* for appellants.

480

*Bryan, Williams, Cave & McPheeters* and *A. C. Britt* for respondent.

GANTT, J.—Plaintiff is a real estate agent. He seeks payment for services in selling (by way of exchange) certain real estate held in trust by George R. Hunsche for the use and benefit of Elvin O. Wells, Nora F. Wells and the Community Estate, Inc. He instituted two suits on a contract to recover for said services. He sued the Community Estate, Inc. Thereafter Conrad Paeben was appointed receiver of said corporation and as such was made defendant in said suit. He also sued Elvin O. Wells, Nora F. Wells, George R. Hunsche, Trustee, and George R. Hunsche. In the circuit court the cases were consolidated. The answer of the Community Estate, Inc., and Conrad Paeben, its receiver, was a general denial. Defendants Wells defaulted. Plaintiff dismissed as to George R. Hunsche, and the answer of George R. Hunsche, trustee, is not material to a determination of the questions presented. Judgment was against all the defendants for $20,971.65. Defendants Conrad Paeben, receiver, Community Estate, Inc., and George R. Hunsche, trustee, appealed. The appeal was abandoned by Hunsche, trustee. Therefore, only the assignments of error of Conrad Paeben, receiver, and the Community Estate, Inc., are for consideration.

I. They contend there was no evidence connecting them with any promise to pay a commission for the sale or exchange of the property. There was evidence tending to show the following:

Defendants Wells owned certain land. On this land they were constructing buildings. The Community Estate, Inc. (hereinafter designated company), of which Hunsche was president, loaned them money to so improve the property. Certain loans were secured by first and second deeds of trust. But they owed the company money loaned to them for said purpose, which was not secured. About this time Hunsche learned that defendants Wells had sold and conveyed a part of the property subject to the deeds of trust. He reported the matter to Conrad Paeben, then vice-president of the company, and they agreed that suit should be instituted by the company against defendants Wells. At this time the board of directors of the company adopted a resolution giving Hunsche, the president of the company, "full authority to settle up the matter as best he

482

knew how." Thereupon Hunsche caused the company to file suit to set aside the conveyance and to establish an equitable lien on all the property for the unsecured money loaned to defendants Wells and used by them to construct the buildings on the land. Thereafter the suit was dismissed on the execution of a contract which settled the differences between the parties. The contract was signed by defendants Wells, George R. Hunsche and the Community Estate, Inc., by George R. Hunsche, president. As provided in the contract the company repurchased for defendants Wells the property sold by them and charged the purchase price to the account of said defendants, who then conveyed all of said land to Hunsche as trustee to hold for the benefit of the company and defendants Wells "as their interest may eventually appear under the terms of this contract." The contract authorized the company to collect the rents from the property and apply same to payment on interest due on the loans. It provided that a sale of the property should not be made except by consent of defendants Wells, Hunsche, trustee, and the company. It also provided that from the proceeds the expense of sale, including the sales commission, as adopted by the St. Louis Real Estate Exchange, if any, should be paid; then all encumbrances not assumed by the purchaser should be paid, and then the remainder should be paid on unsecured indebtedness of defendants Wells to the company.

After the execution of this contract plaintiff proposed that he take charge of the property and be given authority for one year to sell same for a commission, of five per cent on all sales. Defendant E. O. Wells referred him to Hunsche, trustee, who agreed to the proposition but objected to a sales agency for more than ninety days. He told plaintiff that if he would take charge of the property 'they' would clean up the buildings. Thereupon Wells, by contract in writing, authorized plaintiff to take charge of the property and sell same within ninety days for said commission. On the same day plaintiff exhibited this contract to Hunsche. Thereafter plaintiff moved his office to one of the vacant buildings on the land and with help furnished by the parties interested cleaned up the buildings and premises. He rented part of the property and collected the rent. For sometime he made efforts to sell or exchange the property, but could not interest Hunsche, trustee, and the company. Finally he did interest them in an exchange for certain property. After an examination of this property by Hunsche, and after the board of directors of the company approved an exchange for said property, Hunsche notified plaintiff to prepare a contract of exchange of the properties. Plaintiff did so and the contract was signed by defendants Wells and Hunsche, trustee. After this contract was signed, plaintiff reported to Hunsche that the other parties to the exchange

refused to pay the commission. Hunsche then said that the company would have to pay the commission and charge it to the account of defendants Wells. He asked to again see plaintiff's contract with Wells for a commission. Plaintiff exhibited the contract. Thereupon and before the exchange was consummated an agreement as to the payment of plaintiff's commission was written in a copy of the contract, as follows:

"George R. Hunsche, trustee, to pay said Hawkins, as agent, a cash commission as soon as deal is closed, as per contract with said E. O. Wells.

"All the above changes satisfactory."

After this change was made in that copy of the contract, defendants Wells and Hunsche, trustee, again signed that copy of the contract.

From this evidence the jury could find that while Hunsche held title as trustee, he was in fact the agent of the company to care for its interest in the property, sell same and apply the proceeds as directed in the contract. In other words, they could find that Hunsche acted for the company in signing the contract to pay plaintiff the commission. In this connection it should be stated that the company did not claim that Hunsche exceeded his authority by signing the contract to pay the commission. Furthermore, the contract between the parties anticipated the payment of a commission, the amount of which was fixed by the rules of the St. Louis Real Estate Exchange. The company does not contend that the amount of five per cent is not in accordance with the rules of said exchange. Furthermore, the amount fixed by said rules could be changed by the parties. We think there was evidence tending to show that the company agreed to pay a five per cent commission.

■ ■ II. They next contend that the petition does not state a cause of action because it does not alleged that they promised to pay the commission.

They did not file a demurrer to the petition but relied on an objection to the introduction of testimony. In this situation the petition must be given "a most liberal construction." [Morrow v. Mo. Gas & Elec. Service Co., 315 Mo. 367, l. c. 380, 286 S. W. 106; Applegate v. Railroad, 252 Mo. 173, l. c. 182, 158 S. W. 376; Finley v. Williams, 325 Mo. 688, l. c. 694, 29 S. W. (2d) 103.] The petition does not in terms allege that they promised to pay the commission. However, it does allege the facts above set forth, and by implication from said facts alleges that the company so promised. We hold the petition to be good after verdict.

■ III. They next contend that an instruction given at the re-

quest of plaintiff was erroneous in that it did not require a finding that they promised to pay the commission.

The instruction did not in terms require the jury to so find. However, under the instruction a finding of the facts alleged in the petition was necessary to a verdict for plaintiff. The instruction could not have been prejudicial, and the contention is overruled.

The judgment should be affirmed. It is so ordered. All concur.