STATE OF MISSOURI at the relation of L. B. FLETCHER, Relator, v. HON. DAVID E. BLAIR, P. J., HON. ROBERT J. SMITH and HON. JAMES F. FULBRIGHT, JJ.—No. 38504.—178 S. W. (2d) 322.

Division Two, February 7, 1944.

Rehearing Denied, March 6, 1944.

*Edward F. Sharp* for relator.

*Ward & Reeves* for W. C. Coleman, plaintiff in original action.

478

ELLISON, J.—Certiorari to the Judges of the Springfield Court of Appeals bringing up the record in Coleman v. Fletcher, 167 S. W. (2d) 906, wherein a judgment of the circuit court of New Madrid county against the relator-defendant was affirmed on appeal, one of the respondent judges, David E. Blair, P. J., dissenting. Relator contends the opinion of the two other respondents contravenes controlling decisions of this court. That opinion as reported in the cited Southwestern sets out the facts more fully than we need do here. In particular it incorporates the plaintiff's petition (except the caption and signature) on which he obtained the judgment affirmed by respondents. Most of the issues hinge on the sufficiency of that petition.

The plaintiff's pleaded cause of action was for damages arising from relator's alleged failure to abide by an oral agreement whereby he leased to the plaintiff 25 acres of cotton land for a period of two years.

The petition alleged the oral agreement was made on January —, 1940, covering that year and the next; and that plaintiff entered into possession under the agreement and farmed the land the first year. Then it continued "that although he rented the same said real estate and had an agreement with the defendant to farm the same acreage in cotton during the year 1941, the defendant did wrongfully and without any lawful right, take away from plaintiff the 25 acres of land . . . , and by reason of which act and wrongdoing on the part of the defendant the plaintiff was precluded from"—farming said land to cotton in 1941. Next, the petition alleged that "said 25 acres of cotton land was wrongfully taken from the plaintiff by the defendant on or about the 18th day of February, 1941, after plaintiff had already begun his farm operations for the said year 1941." Then follow allegations as to the net profit plaintiff would have derived from the year's farming operations under the contract, of which he was deprived and therefore damages by "the wrongful act of the defendant in taking said 25 acres of cotton land from plaintiff."

The relator-defendant did not challenge the sufficiency of the plaintiff's petition in the circuit court before the trial in any way, except that his answer pleaded the statute of frauds, Sec. 3354,[1] which, so far as involved here, prohibits the bringing of any action upon any lease of land for a longer time than one year, unless the lease be evidenced by writing and signed by the party to be charged. The answer further contained a general and specific denial, and set up three counterclaims. The specific denial alleged the oral leasing was only for one crop year ending on the last day of 1940; that, additionally, in July, 1940, the relator notified plaintiff he had rented the land to a third party for the next year; and that the third party entered upon the land and sewed wheat in 1940. It did not, however, plead that this notice was in writing, or that the third party entered the land with plaintiff's consent. To this new matter plaintiff's reply was a general denial. The jury found for plaintiff on his petition, and for the relator-defendant on his three counterclaims, judgment going for plaintiff for the excess.

On the appeal before respondents, however, relator did contend that the plaintiff's petition wholly failed to state a cause of action— this on the theory that it was for breach of contract, as shown by its caption and on its face; but that it failed to allege performance of the lease contract by plaintiff, or an offer to perform. Respondents' opinion disposed of that contention without fully deciding it on the merits, by holding merely that: the petition was not for breach of contract but ▮ sounded in tort; and that the relator had waived any alleged insufficiency in the petition by failing to challenge it in the circuit court by demurrer, objection to the introduction of evi-

[1]All citations of sections of our statutes are to the Revision of 1939 and Mo., R. S. A., unless otherwise shown.

dence, or otherwise. Relator assigns here that in so holding respondents contravened controlling decisions of this court.

We shall take up those questions presently, but let us say here that relator goes outside respondents' opinion in stating the plaintiff's petition was captioned ''Breach of Contract.'' The opinion does not show this. And the rule is well established that on certiorari for conflict of decisions we will look only to the Court of Appeals opinion for the facts. See the many cases cited in 6 West's Mo. Dig., ''Certiorari'', sec. 50, p. 537. But, as held in other cases cited in the same Digest paragraph, where the opinion refers to a pleading or other document, we may turn to the record brought up and consider the document. We have done so in this case, and find the caption was also omitted from the petition as set out in the Abstract of the Record filed in the Court of Appeals. So we cannot consider relator's statement in his brief here, concerning the caption of the petition.

Returning to relator's assignment that respondents contravened decisions of this court, in holding that plaintiff's petition was not for breach of contract, and that it was not assailable on appeal for failure to allege performance of the lease contract by plaintiff or an offer to perform. It seems clear to us that the petition contained every allegation necessary to state a cause of action for breach of contract: (1) an agreement between parties capable of contracting; (2) mutual obligations arising thereunder with respect to a definite subject matter; (3) a valid consideration; (4) part performance by one party and prevention of further performance by the other; (5) damages measured by the contract and resulting from its breach. We do not agree with relator that the petition was fatally defective from a failure to allege full performance by plaintiff or an offer to perform. For it does allege *prevention* of performance by relator, which was sufficient. Bayse v. Ambrose, 32 Mo. 484. And of the cases based on similar general facts and relied on by the parties in their briefs, one cited by respondents, Lee v. Armour Bldg. Co. (Mo. App.), 18 S. W. (2d) 102, and one cited by relator, Chappee v. Lubrite Refining Co., 337 Mo. 791, 85 S. W. (2d) 1034, were for breach of contract. If we were ruling on the question independently, we would be inclined to hold the cause of action pleaded here was the same.

But respondents' brief, in defending their ruling that the petition sounded in tort, asserts the foregoing detailed facts were pleaded merely as ''premises'' or ''inducement'' supporting the part of the petition which charged the ''wrongful'' eviction; and they cite cases holding an action for tort may arise out of a breached contractual duty, where the act itself is also wrongful as a breach of *legal* duty. See Lowery v. Kansas City, 337 Mo. 47, 58, 85 S. W. (2d) 104, 110(9). Since this certiorari case is here only on the ground of conflict in decision; and since we have not been referred to any Supreme Court decision holding a similar petition would not support

an action in tort (and know of none); we must rule this assignment against relator.

It follows from this that the same ruling must be made on relator's further assignment that respondents' opinion conflicted with our decisions in holding relator had waived the asserted defects in the plaintiff's petition by failing to attack it in the trial court. It is true that if a petition *wholly* fails to state a cause of action, the defect is jurisdictional and the question may be raised for the first time in the appellate court. Hawkins v. Heagerty, 348 Mo. 914, 916(1), 156 S. W (2d) 642, 644. But such is not the rule applicable to mere imperfections. Sec. 1265(5); Hawkins v. Paeben, 332 Mo. 479, 483, 58 S. W. (2d) 437, 438(2).

■ The next assignment of conflict is that the plaintiff's petition wholly failed to state a cause of action even in tort—as respondents' opinion classified it. The latest decision of this court cited on this point is Chappee v. Lubrite Refining Co., supra, 337 Mo. 1. c. 796(3), 85 S. W. (2d) 1. c. 1037(3). That case, as already stated, was an action for breach of contract, but it quotes extensively and approvingly from Levy v. McClintock, 141 Mo. App. 593, 599, 125 S. W. 546, 548, an earlier decision of the Kansas City Court of Appeals which was in tort for *trespass*. The excerpt from these cases stressed by relator is (italics ours): " 'where there is *no personal violence and no unlawful destruction of the tenant's* ■ *property* by the landlord in his entry, the former is without remedy except under *the statute of forcible entry and detainer*. Under that statute a tenant dispossessed against his will, may find redress by a showing of facts which would fall far short of sustaining an action quare clausum fregit.' "

Relator earnestly insists the facts of the instant case exactly fit that quotation because: (1) there was no allegation or evidence here of personal violence on relator's part, or of unlawful destruction of the plaintiff tenant's property; (2) and the plaintiff's petition obviously was not for forcible entry and detainer—if for no other reason than because Sec. 2835 requires actions of that character to be addressed to and tried in a justice of the peace court, instead of in the circuit court as this one was. But relator overlooks one all-important fact. The above quotation in both the Chappee and Levy cases was referring only to situations where a landowner having the *right of possession* evicts the tenant without legal process, but without violence to person or property. Neither case holds a tenant cannot bring trespass against the landowner, if the former and not the latter had the right of possession—even though the eviction was without violence. And neither case has ever been so construed.[2] It must be remembered that the plaintiff's petition here stated his own side of the controversy— that he was rightfully in possession under a two-year lease, and that

[2] See the following annotations: 42 L. R. A. (N. S.) 1. c. 395; 56 A. L. R. 1. c. 1041-2; 101 A. L. R. 1. c. 477-8, 482; 141 A. L. R. 1. c. 274, 275.

the relator, without any right of entry, nevertheless evicted him and seized the possession.

The last point urged by relator is that respondents' opinion conflicted with our decisions in affirming the plaintiff's judgment for compensatory damages—in view of the theory on which the opinion reached that conclusion. As will be remembered, relator's answer pleaded the statute of frauds, Sec. 3354, supra. The opinion (167 S. W. 2d l. c. 909-10) disposed of that defense by merely holding the plaintiff's action was not for breach of contract but in tort. This was necessarily equivalent to holding that the statute of frauds made no difference since the action was in tort, even though the statute was applicable to the lease contract underlying the action. If it did not mean that it did not pass on the statute of frauds issue at all; and we cannot say that because the issue was expressly referred to.

We think the relator is correct in that contention. If the statute of frauds did apply to the oral two-year lease then the plaintiff tenant could not recover compensatory damages for the second year, either on the theory of breach of contract *or* in tort. On the contract theory this Court and two of the Courts of Appeals have ruled that when a contract is voidable under the statute of frauds, and therefore unenforceable by specific performance in equity, the alternative is not open to the injured party to sue for breach of contract.[3] And on the tort theory, if the statute of frauds was applicable to the lease, then the relator landowner and not the plaintiff tenant had the *right* of possession the second year; and in that situation under the Lowery and Chappee cases, supra, the plaintiff could not recover more than nominal damages in trespass—if the action would lie at all.

In that connection respondents' brief here argues the two-year oral lease was a lease from year to year, and that under Sec. 2969 it could be terminated at the end of the first year only by giving 60 days written notice as that statute requires; whereas relator neither pleaded nor proved such written notice had been given; in consequence of which plaintiff's holding over was valid and the statute of limitations could not apply. Respondents did not mention, discuss or rule that question in their opinion, and since this is a certiorari proceeding only for conflict of decisions, we cannot consider it.

For the reasons stated respondents' opinion is quashed on the point decided as stated in the third preceding paragraph.

Record quashed in part. All concur.

---

[3]Lydick v. Holland, 83 Mo. 703, 707(2); Davis v. Holloway and Smith, 317 Mo. 246, 253, 295 S. W. 105, 108(2); Mary C. Marshall Realty Co. v. Zerman (Mo. App.), 296 S. W. 1057, 1061(10); Todd v. Fitzpatrick (Mo. App.), 222 S. W. 888, 890(2).