**MISSOURI MILITARY ACADEMY,**
(Plaintiff) Appellant,

v.

**E. H. McCOLLUM, (Defendant) Respondent.**

No. 30564.

St. Louis Court of Appeals.

Missouri.

March 21, 1961.

Fry, Edwards & Wright, Mexico, Meyer, Wood & Raack, William J. Raack, Clayton, for appellant.

Louis S. Czech, Clayton, for respondent.

DOERNER, Commissioner.

This is an appeal by plaintiff from an order sustaining defendant's motion to dismiss plaintiff's amended petition on the ground that it failed to state a claim upon which relief could be granted. Since no contrary intent was indicated, the dismissal of the petition was a dismissal of plaintiff's action, and therefore a final, appealable judgment. Frank v. Sinclair Refining Co., 363 Mo. 1054, 256 S.W.2d 793; White v. Sievers, 359 Mo. 145, 221 S.W.2d 118; Jones v. Williams, 357 Mo. 531, 209 S.W. 2d 907.

In view of the nature of the claimed deficiencies of the petition it will not be necessary to incorporate it in its entirety, as a statement of the pertinent facts alleged therein will suffice. Plaintiff is a Missouri corporation, and operates a military academy at Mexico, Missouri. Defendant has a son, named William, a minor, who at the time stated was then attending or had attended plaintiff's school. On April 10, 1957, defendant signed and delivered to plaintiff an application for the re-enrollment of William for the school year commencing September 2, 1957 and ending May 25, 1958. Defendant agreed to pay the sum of $1,505 for tuition, board, lodging and other services, payable in certain installments at designated times. The application for re-enrollment provided that it was subject to the conditions set forth in plaintiff's catalogue. Among others, one provision in the catalogue specifically stated that if a cadet left the academy before the end of the school year, then any unpaid bills on account of tuition, fees or other charges should immediately become due and payable "as earned by liquidated damages." It was further alleged that defendant accepted William for re-enrollment for the stated school year, "* * * thereby creating a contract between said plaintiff and defendant, * * *" and furnished him instructions in various useful branches of learning, as well as board, lodging, heat, light, table linens, bed linens, routine medical attention, and athletic facilities, until the month of October 1957, when William voluntarily withdrew from the academy. Plaintiff gave defendant credit for various payments made between April 22, 1957 and October 28, 1957, totaling $456.85, and pleaded a demand upon defendant for the balance of the tuition, as well as expenses in the quartermaster's department of $83.-85 which it is claimed defendant also agreed to pay. Lastly, it was alleged that plaintiff had duly performed all the terms of the agreement to be performed by it, and that defendant had breached the contract by his refusal to pay the amount of $1,132 due and owing. The prayer was for judgment in that amount.

It is apparent that the cause of action attempted to be set forth in plaintiff's petition is one for breach of contract. As a general rule, the allegations necessary to state a cause of action for breach of contract, as laid down in State ex rel. Fletcher v. Blair, 352 Mo. 476, 178 S.W.2d 322, 324, are:

"* * * (1) an agreement between parties capable of contracting; (2) mutual obligations arising thereunder with respect to a definite subject matter; (3) a valid consideration; (4) part performance by one party and prevention of further performance by the other; (5) damages measured by the contract and resulting from its breach. * * *"

Plaintiff contends that its petition amply meets these tests. Defendant argues that the petition was deficient as to the second and fourth requirements of those laid down in State ex rel. Fletcher v. Blair, supra, and that the contract was void and unenforceable. We will consider these questions in order.

In his brief, defendant maintains that there was a lack of mutuality under the contract because "Plaintiff was to provide schooling for defendant's son, only so long as he was in school; certainly if he was not at school the personal services of the plaintiff could not be provided to him." It is true, as defendant states, that plaintiff agreed to provide schooling for defendant's son; but it is incorrect to say that plaintiff agreed to provide such schooling "only so long as he (the son) was in school." What the plaintiff agreed, as the petition states, was to provide schooling "for the school year," from September 2, 1957 to May 25, 1958. Thus there was, in fact, a mutuality of obligation between the parties; on the part of plaintiff, to provide William with schooling for the school year; on the part of defendant, to pay the tuition agreed upon. The mere fact that defendant's son, by withdrawing from school, could prevent the plaintiff from providing him with the instruction for the entire school year did not impair the mutuality of the parties' obligations.

Regarding his second proposition, defendant seems to concede that plaintiff has pleaded sufficient facts to show that plaintiff performed its part of the contract so far as it could, by furnishing instruction to defendant's son until William voluntarily withdrew from plaintiff's school. But defendant points to the fourth essential element mentioned in State ex rel. Fletcher v. Blair, supra, that " * * * part performance by one party and prevention of further performance by the other * * *" must be pleaded, and argues that "Plaintiff does not allege defendant is preventing or has prevented further performance on the part of plaintiff." If the statement from State ex rel. Fletcher v. Blair is applied literally, defendant's contention is correct, but what is disregarded is the difference in the factual situations in the two cases. In State ex rel. Fletcher v. Blair, it was claimed that the defendant had prevented plaintiff from farming the land by taking it away from plaintiff. In this case defendant did not attend plaintiff's school, so that defendant obviously could not, by withdrawing, have prevented plaintiff from performing its contract. Perhaps a more accurate statement of the rule is that a party suing on a contract must allege performance on his part, or a good and sufficient excuse for nonperformance. Basye v. Ambrose, 32 Mo. 484; Buchanan v. Layne, 95 Mo.App. 148, 68 S.W. 952. Plaintiff's pleaded excuse for nonperformance in this action was its inability to perform because of William's voluntary withdrawal. Under the facts of this case that was sufficient.

Lastly, defendant argues that the contractual provision as to what defendant was to pay in the event William withdrew from school was not liquidated damages, as named therein, but a penalty. And he maintains that because it was a penalty, the entire agreement was void and unenforceable. That is not the law. While the courts will not enforce a penalty, no matter by what name it may be called, the correct rule is that quoted in Wilt v. Waterfield, Mo., 273 S.W.2d 290, 295:

" 'Where the sum named in a contract to be paid in a breach is held to be a penalty and not liquidated damages, the amount of recovery is only the actual damages sustained.' 25 C. J.S. Damages § 116b, p. 704."

That part of the petition relating to plaintiff's damages may or may not have been amenable to an appropriate motion, but it was not so deficient that it wholly failed to state a claim upon which any relief could be granted.

The judgment should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and the cause remanded.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.