Glen E. NORMAN and Edna J. Norman,
Plaintiffs-Appellants,

v.

Francis O. COPE, Defendant-Respondent.

No. 23372.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1961.

Thaine Q. Blumer, Kansas City, for appellant.

Robert F. Middleton, Russell, Brown & Middleton, Nevada, Mo., for respondents.

SPERRY, Commissioner.

Plaintiffs agreed in writing to purchase a 160 acre farm in Vernon County for the total price of $12,500, $2,000 of which was paid down at the time the contract was signed. Plaintiffs sued for recovery of the $2,000 above mentioned on the theory that defendant had breached the contract. Plaintiffs failed to appear on the date set for consideration of motions filed by defendant and the court sustained defendant's motion to dismiss the petition on the ground that it failed to state a cause of action upon which relief could be granted. Plaintiffs have appealed.

 The petition was filed Aug. 17, 1960, (attached thereto was a copy of the contract) and the following allegations appear therein:

"2. That on August 8, 1959 plaintiffs and defendant entered into a contract, copy of which is attached hereto and made a part hereof as if more fully set out herein, by the terms of which plaintiffs agreed to purchase, upon certain conditions, and defendant agreed to sell certain real estate described in said instrument attached hereto and more commonly referred to as the "Lynn 160 Acre Farm"; that by the terms of said agreement plaintiffs were to pay the total sum Twelve Thousand Five Hundred Dollars ($12,500.00), Two Thousand Dollars ($2,000.00) of which was paid in cash to the defendant on August 8, 1959; One Thousand Dollars ($1,000.00) of which was to be paid on or before February 8, 1960, and the balance to be paid in monthly payments as described in said contract; by the terms of said agreement defendant was to deliver to plaintiffs within ten (10) days from August 8, 1959, an abstract showing merchantable title in and to the above described land and plaintiffs

were thereafter granted twenty (20) days to examine said abstract; defendant further was to execute and deposit with the above mentioned contract a good and sufficient warranty deed conveying said premises to plaintiffs free and clear of any and all encumbrances; that defendant did deliver within the time prescribed above to the plaintiffs an abstract title to said premises; that upon examination thereon it was determined that defendant did not have merchantable title to said property for the reason that the same was encumbered; that defendant failed to pay and release said encumbrance and failed and refused to deliver to plaintiffs a warranty deed showing nó encumbrances; that thereafter defendant demanded of plaintiffs a payment of $1,360.90 on February 8, 1960 contrary to the terms of the contract above mentioned which provided for a payment by plaintiffs in the amount of $1,000.00; that plaintiffs have demanded of the defendant delivery of a warranty deed showing no encumbrances and have tendered to pay $1,000.00 as of February 8, 1960, and to execute a deed of trust for the balance of said purchase price, but defendant has refused, failed and neglected to perform his part of the contract as herein mentioned; that said contract is, therefore, null and void, and that plaintiff is entitled to the recovery of the payment to defendant of $2,000.00."

It is alleged in the petition that a written contract was entered into between the parties respecting the sale by defendant to plaintiffs of a specifically described parcel of land; that the respective parties assumed stated mutual obligations in connection with the transaction; that plaintiffs had performed their obligations thereunder, and had paid $2,000 in cash to defendant and tendered other moneys as required by the contract; that the defendant had failed and refused to tender to plaintiffs an abstract and deed showing and con-

veying to them a merchantable title to the property which was the subject of the transaction. The petition, therefore, stated a cause of action on its face. State ex rel. Fletcher v. Blair, 352 Mo. 476, 178 S.W.2d 322, 324; Zeppenfeld v. Morgan, Mo.App., 185 S.W.2d 898, 901.

It is also alleged in the petition that defendant, under the contract, agreed to deliver an abstract showing himself to be vested with a merchantable title to the described property; that the abstract showed the property to be encumbered by a deed of trust. If the property was so encumbered, plaintiff did not have a merchantable title. Montgomery v. Wise, et al., 138 Mo.App. 176, 120 S.W. 100, 105; Ott v. Pickard, Mo.Sup., 237 S.W.2d 109, 112; Thomas J. Johnson & Co. v. Mueller, 356 Mo. 1109, 205 S.W.2d 521, 527. It was alleged that defendant agreed to deliver to plaintiffs a warranty deed conveying the property free of encumbrances and his failure and refusal to do so, within the time specified or within what the jury might find to be a reasonable time, constituted a breach of the contract pleaded.

However, the record discloses that defendant had, after the petition was filed, submitted to plaintiffs a list of questions, requiring answers in the nature of admissions, which plaintiffs failed to answer within the specified time. The record discloses the following entry: "Thereafter, towit: on the 3rd of October, 1960, the court takes up and considers motion to dismiss and doth make the following entry thereon:

" 'Oct. 3, 1960—Facts requested to be admitted heretofore filed, and not admitted, are ordered to be taken as true. Motion to dismiss sustained, and this case ordered dismissed with prejudice and at plaintiffs' cost.' " On a motion to dismiss for failure to state a cause of action, the facts stated in the petition alone are to be considered. It is error to take into consideration any other matters. Hudson v. Jones, Mo.App., 278 S.W.2d 799, 804–805;

Coble v. Economy Forms Corporation, Mo. App., 304 S.W.2d 47, 50.

The judgment is reversed and the cause is remanded with directions that it be reinstated and further proceedings had consistent with this decision.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.