George BRUSCA, Jr., Plaintiff-Respondent,

v.

Allan M. GALLUP and Ruth S. Gallup, Defendants-Appellants.

No. 32972.

St. Louis Court of Appeals, Missouri.

June 14, 1968.

Marvin L. Levinson, Clayton, for defendants-appellants.

Jerome M. Steiner, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

In this action to enforce a mechanic's lien the defendants filed a counterclaim, containing two counts, which will be subsequently discussed. Trial was to the court, sitting without a jury. The judgment rendered was in favor of plaintiff for $2373.-25 and the impressing of a lien therefor on defendants' property, in favor of plaintiff on Count I of defendants' counterclaim, and in favor of defendants for $16.85 on Count II of their counterclaim. Defendants bring this appeal.

The essential facts which gave rise to this litigation are these: On December 14, 1965 the plaintiff entered into a written contract with the defendants, who are husband and wife, whereby he agreed to furnish carpenter labor for the construction of a residence to be built by defendants, in return for which defendants promised to pay him $4500. The contract provided that the work was to be done in accordance with plans dated December 1, 1965 which had been prepared by defendants' architect, and further provided that, "All miscellaneous Items and Changes shall be paid for at a rate of $5.50 per her (sic) for regular Carpenters, and $5.85 per hr. for Foreman." Plaintiff first began to work on the house on December 17, 1965, and continued until April 8, 1966, on which day an argument ensued between plaintiff and Mrs. Gallup over her refusal to furnish keys for locks which plaintiff was about to install in certain doors. Plaintiff's version of the facts was that Mrs. Gallup ordered him off of the job, and that his subsequent efforts to obtain Mr. Gallup's assurance that he could complete the work were unsuccessful. He thereupon took the position that since defendants had wrongfully refused to permit him to finish the work remaining to be done he was entitled to the full amount due under the contract, plus various extras for changes made in the course of the construction. Defendants' version of the facts was that plaintiff was requested to complete the work remaining to be done, that he failed and refused to do so, that part of the work plaintiff had performed was faulty, and that they were required to and did employ one Richard Pisoni to both finish the uncompleted work and to correct part of plaintiff's deficient work.

Although his theory was that defendants had prevented his full performance of the work, plaintiff in his petition, based on the contract, alleged that " * *

said construction and improvements have been fully installed and completed." Defendants in their answer denied that allegation, and in Count I of their counterclaim pleaded that plaintiff had failed and refused to complete certain work called for by the contract. The defendants now assert that inasmuch as the plaintiff had alleged his completion of the contract the court erred in finding, as it did, that plaintiff was prevented by defendants from completing the job. It is true that where plaintiff's complete performance of the contract has been prevented by defendant he should allege, in a petition for breach of contract, his part performance and the prevention of further performance by defendant. State ex rel. Fletcher v. Blair, 352 Mo. 476, 178 S.W.2d 322, 324; Missouri Military Academy v. McCollum, Mo. App., 344 S.W.2d 636. The weakness in defendants' position, however, is that no objection was made by them when plaintiff testified to the prevention of performance by defendants. Furthermore, defendants introduced evidence on their behalf that plaintiff, though requested to finish the work, had failed and refused to do so. Hence the question of whether or not plaintiff had been ordered off of the job and precluded from completing the work remaining, as plaintiff claimed, or whether plaintiff had abandoned the job and refused to finish the work, as defendant claimed, was a contested though unpleaded issue throughout the case, as the transcript makes abundantly clear. Having thus impliedly consented to the trial of that issue defendants at this late date are in no position to complain that the finding made by the court is not within the scope of the pleadings, for the petition will be treated as having been amended to conform to the proof. Civil Rule 55.54, V.A.M.R.; Heald v. Erganian, Mo., 377 S.W.2d 431; Dawley v. Hoy, Mo., 341 S.W.2d 111; Stevens v. Waldman, Mo.App., 375 S.W.2d 633.

■ Defendants also complain that the court erred in excluding, on plaintiff's objections, the testimony of their witness Pisoni regarding the work which plaintiff did not finish and which Pisoni completed. Academically, they are correct, for such evidence was consistent with and admissible under their pleading and theory that plaintiff breached the contract by failing and refusing to complete the work called for therein. But such error affords defendants no grounds for relief in this court for two reasons: first, because defendants failed to make an offer of proof when plaintiff's objections were sustained, so that the record is silent as to the nature of the excluded evidence; and second, and more importantly, such evidence was secondary to defendants' primary contention that plaintiff had abandoned his contract. The court found against defendants on that issue, with which finding we concur, so that the excluded evidence is immaterial as far as their appeal is concerned.

■ The second principal issue raised by the defendants in Count I of their counterclaim was that certain of the work which plaintiff had performed was done in an unsatisfactory and unworkmanlike manner. Although requested in writing to make findings of fact, Civil Rule 73.01(b), V.A.M.R., the court made no specific reference to that controverted issue in the findings of fact filed herein. However, the last sentence of that paragraph of the Rule provides that, " * * * All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached." And since the court entered judgment in favor of plaintiff for the entire amount he sought, the court must be deemed to have found against defendants on their claim that plaintiff had not performed certain of the completed work in a skillful and workmanlike manner. Defendants assert that the court erred in failing to find that issue in their favor.

In the light of the record we cannot concur in the court's finding, inferentially reached. We note, but need not attempt to resolve, the apparent inconsistency of the decisions as to which party has the burden

of proving that the work was or was not done in a skillful and workmanlike manner when plaintiff's action is based on the contract, as distinguished from one founded on quantum meruit. Compare Brush v. Miller, Mo.App., 208 S.W.2d 816 and Baerveldt & Honig Construction Co. v. Szombathy, 365 Mo. 845, 289 S.W.2d 116. Assuming that defendants bore the burden, Brush v. Miller, supra, we are convinced from the uncontradicted testimony of their witnesses, and particularly from their photographic exhibits introduced in evidence, that a material part of the work completed by plaintiff was not done in a skillful and workmanlike manner. Plainly visible in the photographs are such unworkmanlike items as a wavering and crooked fascia board, separated jackrafters, a row of steel columns out of alignment, a beam with the ends split, ceiling beams constructed to go through the fireplace rather than at the outside edge, as specified in the plans, and other deficiencies. Gallup testified that an inspection made by him on April 9, 1966, the day after plaintiff ceased work, revealed that the dining room ceiling was not level, the family room floor was not level, the wall on the south side of the living room was out of plumb 1½", wall studs were out of line, the soffit and kitchen wall adjacent to the fireplace was neither plumb nor level, and detailed many other items which had been done in an unskillful and unworkmanlike manner. Gallup's testimony, in part, was corroborated by that of Edouard Mutrux, the architect who prepared the plans, and that of Pisoni. In his direct examination plaintiff made no reference to the manner in which he had performed the work, and, after defendants had completed the presentation of their evidence, he made no attempt to explain or rebut defendants' evidence regarding the unskillful and unworkmanlike manner in which the items enumerated had been performed.

Plaintiff cites Skadal v. Brown, Mo., 351 S.W.2d 684, a jury-tried case, and apparently is laboring under the misconception that in a non-jury case the finding of fact by the court is as conclusive upon an appellate court as the findings of fact made by a jury. Of course, in reviewing a case tried without a jury it is our duty to review the case upon both the law and the evidence as in suits of an equitable nature. Civil Rule 73.01(d). And as was said in Clay v. Eagle Reciprocal Exchange, Mo., 368 S.W.2d 344, 350: " * * * In so doing we review the record de novo, consider the credibility, weight and value of the evidence, determine the facts as we find them to be, deferring to the findings of the trial court to the extent proper, giving heed to his more favorable position to evaluate and judge the credibility of the witnesses, and render judgment in accordance with our conclusions thus reached. Euge v. Blase, Mo., 339 S.W.2d 807, 810; Cox v. Bryant, Mo., 347 S.W.2d 861, 863; Mueller v. Larison, Mo., 355 S.W.2d 5, 8."

Having reached the conclusion that a material part of plaintiff's work was deficient, and that defendants were entitled to recover their cost of correcting the same, we find it impossible to render a judgment which would finally dispose of the case. This for the reason that while defendants' evidence showed the total amount paid Pisoni, it did not contain any breakdown between the amount paid him to complete the contract and that for the correction of plaintiff's deficient work. Under such circumstances, in the interests of justice, the only course open to us is to reverse the judgment and remand the case for a new trial on all of the issues. Ample authority exists for such a procedure. Oliver v. Oliver, Mo.App., 325 S.W.2d 33; Niedergerke v. Niedergerke, Mo.App., 271 S.W.2d 204; Erlacher v. Erlacher, Mo. App., 145 S.W.2d 974.

Accordingly, the judgment is reversed and the cause remanded for a new trial.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment reversed and cause remanded for new trial.

ANDERSON, P. J., RUDDY, J., and JACK A. POWELL, Special Judge, concur.